JOHN S. WILLIAMS AND OTHERS, PLAINTIFFS IN ERROR, v. REUBEN C. GOLDEN, DEFENDANT IN ERROR.

1. **Exemption of Personal Property.** In the case made, *Held*, That an execution debtor who possesses neither lands, town lots, nor houses is entitled to hold exempt from execution the specific articles enumerated in section 530 of the code of civil procedure, and in addition thereto other personal property of the value of five hundred dollars.

NOTE.—See *Frazier v. Syas*, ante page 115, and note.—REP.

2. **Constable's Bond.** A constable's bond given in the absence of extortion, duress, or other unfairness, and with a not unreasonable sum fixed as penalty therein, is binding on the securities to such bond, although there is no law fixing any amount as penalty.

ERROR to the district court of Otoe county. The action there was brought by Golden to recover damages from Williams and sureties on his bond, on account of a levy and sale of personal property under an execution placed in hands of Williams as constable, and claimed by Golden to be exempt. Judgment below before POUND J., for Golden, and defendants brought the case up by a petition in error.

*Covell & Ransom*, for plaintiffs in error.

If a bond in excess of the statutory requirement is extorted from the principal as a condition precedent to his entering upon the duties of his office, such bond is not binding. *United States v. Mynderse*, 11 Blatchford, 1. *Bomar v. Wilson*, 1 Bailey, Law (South Car.), 461. *Treasurers v. Bates*, 2 Bailey, Law (South Car.), 362. *Armstrong v. U. S.*, Peters' Cir. Ct. Rep., 46. *M'Caraher v. Commonwealth*, 5 Watts & Serg. (Pa.), 21. *Welsh v. Barrow*, 9 Robinson (La.), 535. *Johnson v. Gwathney*, 2 Bibb (Ky.), 186. *Boswell v. Lainhart*, 2 La., 397. *United States v. Tingey*, 5 Peters, 129. The bond must be substantially such as is authorized by the statute, otherwise it cannot be enforced. *Lowther v. Lawrence*, Wright (Ohio), 188. *Collier v. Johnson*, 7 Ohio, 235, pt. 1. *Gardner v. Woodyear*, 1 Ohio, 170. *Commissioners of Insolvents v. Way*, 3 Ohio, 103. A voluntary bond is not binding upon the obligors. If a public officer execute an official bond not required of him by law, it is voluntary and not binding upon him. *State of Mississippi v. Bartlett*, 30 Miss., 624. *Silver v. Governor*, 4 Blackford, 15.

30

*J. C. Watson* and *Herbert R. Wodehouse*, for defendant in error, cited Maxwell's Practice in Justices' Courts, 98, 99. Wells Law and Fact, sec. 303. *The People v. McClay*, 2 Neb., 8. *State, ex rel. Metz, v. Cunningham*, 6 Neb., 93. Gen. Stat., 99. Brandt on Suretyship, sec. 12, 13, 444. *Bay County v. Brock*, 11 Central Law Journal, 35.

COBB, J.

The plaintiffs in error make two points:

*First*, That all the exemption of personal property from forced sale on execution to which defendant in error was entitled is that provided for by section 521 of the code, and that the exemption provided for in said section is in lieu of and not in addition to that provided for in section 530. [Gen. Stat., 616, 618.]

*Second*, That the plaintiffs in error, other than Williams, are not liable, for the reason that there is no sum fixed by law in which constables are required to give bond, and hence that the bond is void.

As to the first point I do not think that there is room for a reasonable doubt that it was the intention of the legislature, in framing and passing the several sections of the exemption law, to exempt to all debtors the several articles specified and enumerated in section 530 of the code, and in addition thereto to exempt to such debtors as owned no real estate the amount of five hundred dollars in other personal property of the debtor, to be selected by him or by the officer under certain circumstances. Evidently it was their intention to give the landless debtor an exemption of personal property in lieu of the more wealthy debtor's homestead exemption. And this could only be done by giving him an exemption in gross in addition to the specific articles to which the other was also entitled, be-

JULY TERM, 1880. 435

cause the articles specifically exempted often, if not generally, exceed in value the sum of five hundred dollars.

As to the second point, the sum or penalty named in the bond is only a limitation upon the extent of the sureties' liability, and is not necessary to give it force. The statute requires a person elected to the office of constable to give a bond with security for the faithful performance of the duties required of such officer by law, and while the statute is defective in not fixing the amount of the penalty in such bond, yet the courts must give some effect to the said statute, and doing so, I do not think that they can hold that such a bond, given in the absence of extortion, duress, or any kind of unfairness, and with a not unreasonable sum fixed as penalty, is void.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.