GEORGE D. NOBLE, AND OTHERS, PLAINTIFFS IN ERROR, V. STEPHEN HIMEO, AND OTHERS, DEFENDANTS IN ERROR.

1. **Liability of constable.** One S., who kept a drug store had certain patent medicines belonging to H. & Co. for sale on commission. A constable with an execution against S., levied the same upon the property of H. & Co., and sold the same, although notified that S. was not the owner of it. *Held*, That the constable and his sureties were liable to H. & Co., for the value of the property.
2. ——: BOND. The law requires a constable to give a bond, but makes no provision as to the amount of the penalty. The amount of the penalty is not material to the validity of the bond and is a mere limitation.

ERROR to the district court for Fillmore county. Tried below, before WEAVER, J. The facts appear in the opinion.

*Eller & Chase*, for plaintiffs in error.

1. A man cannot stand by and see his property sold under an execution against another without opposition, and then claim the property. *Danmiel v. Gorham*, 6 Cal., 44. *Bond v. Ward*, 7 Mass., 123. *Taylor v. Seymour*, 6 Cal., 512. *Vose v. Stickney*, 8 Minn., 79. *Wellington v. Sedgwick*, 12 Cal., 476. *Killey v. Scannell*, 12 Cal., 73. *Dunlap v. Berry*, 5 Ill., 327. *Lewis v. Whittmore*, 5 N. H., 577.

2. The law does not prescribe a bond for constable. Gen. Stat., 99, sec's 2, 5. The bond sued upon is, "That we —— —— firmly bound unto the county of Fillmore and state of Nebraska in the penal sum of $500.00." The

amount prescribed by law for a constable's bond is not
$500.00, and the sureties cannot be held for a greater
amount than the law prescribes. A statutory bond must
be in the amount required by law. *Shuttleworth v. Levi,*
13 Bush, (Ky.), 195. *Cutler v. Roberts.* 7 Neb., 4. *Gregory v. Cameron,* 7 Neb., 414. The board of county commissioners have no authority to fix the amount of a constable's bond. 3 Neb., 42. *Miller v. Commissioners,* 1
Ohio, 271.

3. A bond taken and approved by a tribunal not
authorized by law to take such bond is wholly void.
*Caffery v. Dudgeon,* 38 Ind., 512.

*John P. Maule,* for defendants in error, cited *Ohio v.
Jennings,* 4 Ohio State, 419. *People v. Schuyler,* 4 New
York, 173. *Kane v. U. P. R. R.,* 5 Neb., 107. *Williams
v. Golden,* 10 Neb., 432.

MAXWELL, CH. J.

In August, 1877, the Sandwich Enterprise Company
recovered a judgment for the sum of $314.75 against
Lorenzo Snow, in the county court of Fillmore county,
upon which an execution was issued in October of that
year, and delivered to George D. Noble, a constable, who
levied upon certain patent medicines of the value of
$35.05, in the possession of Snow, but belonging to Himeo
& Co., and sold the same under said execution and paid
the proceeds to the plaintiff in execution. This action is
brought by Himeo & Company against the constable and
his sureties, upon his official bond, for the value of said
medicines, and judgment was rendered in the court below
in their favor for the sum of $34.05. Noble and his sureties assign various errors in the record, the more important of which will be noticed in their order.

*First.* It is objected, that the first instruction given by
the court on its own motion, is erroneous. It is as follows: "The plaintiffs in this case sue to recover the

value of certain property levied on by the defendant, Noble, and sold by him as constable to satisfy a certain judgment against Lorenzo Snow, and if you shall find from the evidence that the property set out in plaintiffs' petition was so levied on and sold by the defendant, Noble, to satisfy a judgment against said Snow, and if you further find, that the said property was at the aforesaid times the property of the plaintiffs, S. O. Himeo & Co., and if you shall further find that at the time the levy was made, said Geo. D. Noble was notified that a portion of the goods levied upon did not belong to said Snow, and that he proceeded to sell the property of plaintiffs, without attempting to ascertain to whom said goods belonged, then you will find for the plaintiffs, and assess their damages at an amount equal to the value of the goods so sold belonging to plaintiffs."

Judge Cooley in his work on Torts, page 396, says: "Wrongs by a sheriff to others than the parties to suits are generally a consequence of his mistakes or his carelessness. Thus, he may, on an execution against one person, by mistake seize the goods of another. He must at his peril make no mistakes here. It might be urged that, in such cases, the sheriff should have the ordinary protection of judicial officers; for he must inquire into the facts, and he must decide upon the facts who the owner is. But this does not render the functions of the sheriff judicial. Ownership is a matter of fact, and the officer is supposed capable of ascertaining who is the owner of goods, just as any one may learn who is proprietor of a particular shop, or member of a specified corporation or partnership, or alderman of a city, etc." * * * * "If the sheriff is commanded to levy upon the goods of a named person, the fact of his obedience is determined by ascertaining whether or not he has done so; if a magistrate is required to decide justly the controversy between two named persons, or if

the assessor is required to value in just proportion the property of two named persons, no one can know whether or not the requirement has been obeyed unless he can look into the officer's mind and, by thus ascertaining what was his real judgment, determine whether he has actually obeyed it in giving decision or making the assessment. The difference is, that the sheriff is to obey an exact command, but the judicial officer is to follow his judgment. Even when the sheriff is embarrassed by the fact that the name of the defendant in the writ is the same with that of others in the neighborhood, he must at his peril ascertain who the real defendant is, and make service upon him." This we regard as a correct statement of the law. The officer is to levy upon and sell the goods of the execution debtor, not the goods of some one else. The fact that he has an execution against the property of A, will be no justification if he levies upon and sells the property of B.

In the case at bar the testimony shows that the constable was informed that the goods in question were not the property of Snow; yet he seems to have made no inquiry or effort to ascertain whether Snow was in fact the owner, or not. The instruction in question, while not as explicit as could be desired, is fully justified by the evidence, and is not prejudicial to Noble.

*Second.* It is claimed that the court erred in refusing to give the first instruction asked by Noble, which is as follows: "If the jury find from the evidence, that the property in question, or any part thereof, was in the possession of Lorenzo Snow, at the time the levy was made by George Noble, and further find, that the same property was not claimed by any person to belong to the plaintiffs in this action, at the time of the levy or before the sale, and that such claim was not made to the defendant, George Noble, then in such case the jury should find for the defendants." This instruction entire-

ly ignores the actual ownership of the property and makes notice to the officer, and a claim of the property, the criterion, by which his liability is to be determined for levying upon, and selling property, not belonging to the judgment debtor. The instruction was properly refused.

*Third.* The objection, that the verdict is not sustained by the evidence, is not well taken. The jury from the testimony would have been justified in returning no other verdict than for the plaintiffs in the court below.

*Fourth.* Objection is made to the bond of the constable as being unauthorized by law. This question was before the court in the case of *Williams v. Golden*, 10 Neb., 432, and it was held, that a constable's bond voluntarily given, and with a reasonable sum fixed as penalty therein, was binding on the sureties, although there was no law fixing any amount as penalty. The law requires a constable to give a bond, and the county commissioners, by fixing the amount of the penalty of the same, merely limit the liability of the sureties to the sum designated. This limitation is not necessary to make the bond valid, as without such limitation a surety would be liable for the full amount of the injury sustained. The judgment is clearly right and is affirmed.

JUDGMENT AFFIRMED.