THE STATE OF NEBRASKA, EX REL. MATTHIAS METZ v. T. C. CUNNINGHAM, SHERIFF OF RICHARDSON COUNTY.

1. **Exemption:** The plaintiff sets forth in an application for mandamus that ·he is the head of a family, a resident of the state, and actually engaged in the business of agriculture ; that he has neither lands, town lots, nor houses subject to exemption as a homestead under the laws of this state; that one F. commenced an action by attachment against him, and caused the same to be levied upon plaintiff's mules, harness, wagon, and on about twenty-four hundred bushels of corn; that plaintiff thereupon filed an inventory, under oath, with the officer holding the attachment, of the whole of the personal property owned by him, and claimed the property as exempt; that the officer refused to call to his aid three freeholders of the county and have the property appraised; and that the property was not taken for clerks', laborers', or mechanics' wages, or for money due and owing by an attorney at law for money or other valuable consideration received by said attorney for any person or persons. *Held.* 1. That the plaintiff was entitled to a release of the mules, harness, and wagon. 2. That the respondent take the necessary steps to have the property in question appraised as required by law, and to permit the plaintiff to select therefrom to the value of five hundred dollars.

2.———. Where an inventory, under oath, is made by a debtor, and filed with an officer holding an execution or order of attachment, he must call appraisers to ascertain the value of the property seized. He has no discretion in the matter.

ORIGINAL application for mandamus.

*George P. Uhl*, for the petitioner.

MAXWELL, J.

This is an application for a peremptory writ of mandamus to compel the sheriff of Richardson county to cause certain property, levied upon by him under an order of attachment, to be appraised as required by the statute, said property being claimed as exempt under the law, and to release other property which is specifically

exempt by statute. The plaintiff sets forth in his application that he is the head of a family, and a resident of this state, and is actually engaged in the business of agriculture; that he has neither lands, town lots, nor houses subject to exemption as a homestead under the laws of this state ; that one F. commenced an action against the plaintiff and caused an order of attachment to be issued in said cause, and the same was levied on a span of mules, and one set of harness, and a wagon, being the only team, harness, and wagon possessed by plaintiff; said order of attachment was also levied upon about twenty-four hundred bushels of corn, being all the grain possessed by plaintiff ; that plaintiff thereupon filed an inventory, under oath, with the officer holding the order of attachment, of the whole of the personal property owned by him, and claimed the property so levied upon as being exempt under the law; but the officer refused to cause said property to be appraised ; that the property was not taken for clerks', laborers', or mechanics' wages, or for money due and owing by an attorney at law for money or other valuable consideration received by said attorney for any person or persons. The prayer is for a writ directed to the respondent requiring him to release the mules, harness, and wagon, and feed for stock for three months, and that the remainder of the property of the relator be appraised as provided by law, and that he be permitted to select therefrom property to the value of five hundred dollars. The application is made upon notice to the respondent, and the proof fully sustains the facts set forth therein.

Our statute provides (Gen. Statutes, 616) that "all heads of families, who have neither lands, town lots, nor houses subject to exemption as a homestead under the laws of this state, shall have exempt from forced sale on execution the sum of five hundred dollars in personal property."

" Any person desiring to avail himself of the exemption as provided for in the preceding sections, must file an inventory, under oath, in the court where the judgment is obtained, or with the officer holding the execution, of the whole of the personal property owned by him or them, at any time before the sale of the property; and it shall be the duty of the officer to whom the execution is directed, to call to his assistance three disinterested freeholders of the county where the property may be, who, after being duly sworn by said officer, shall appraise said property at its cash value."

This question was before this court in the case of *The People v. McClay*, 2 Neb., 8, and it was there held that when an inventory under oath was filed with the officer he had but one course to pursue, and that was to call three disinterested freeholders of the county and have them appraise the property, and if its value, as shown by the appraisement, did not exceed five hundred dollars, release it at once from the execution and return it to the debtor. We approve of that decision. The officer cannot question the correctness of the inventory. If the debtor has real estate which is exempt under the homestead law, or other personal property than that contained in his list, such personal property is liable to be seized for his debts, and he may be prosecuted for perjury. But when an inventory under oath is made by the debtor and filed with the officer holding the execution or order of attachment, he must call appraisers to ascertain the value of the property seized. He has no discretion in the matter, and cannot shelter himself behind an indemnifying bond.

Section five hundred and thirty of the code exempts certain specific articles from sale on an execution or order of attachment. Among the articles so exempted, if the debtor at the time is actually engaged in the business of agriculture, is one yoke of oxen, or pair of horses

in lieu thereof, Mules are not named in the statute. But the object of the law is to exempt a team for the debtor; if, therefore, his team consist of mules they are exempt, although not specifically designated in the statute. The statute also provides that a wagon and the necessary gearing for the team shall be exempt. The articles *specifically* exempted may be claimed by the debtor although he is the owner of lands, town lots, and houses, which are exempt under the homstead law. The selection may be made by the debtor, his agent, clerk, or legal representative, and when made it is the duty of the officer holding the execution or order of attachment to release such property. If he fail to do so, he may be compelled by mandamus to perform his duty. A peremptory writ of mandamus is awarded as prayed in the application.

WRIT AWARDED.