JOHN MANN, PLAINTIFF IN ERROR, V. BARNABAS WEL-
TON, DEFENDANT IN ERROR.

1. **Exemption.** The exemption of five hundred dollars in per-
sonal property in favor of a judgment debtor, provided by sec-
tion 521 of the civil code, in lieu of a homestead, must depend
upon the filing of the inventory as provided by section 522
of the civil code, and the selection of property claimed by the
debtor to be exempt.

2. ———: REPLEVIN. Replevin cannot be maintained against an
officer for property levied upon and claimed to be exempt under
said section until after the inventory is filed and the appraise-
ment and selection are made.

3. **New Trial.** A new trial will not be granted where it appears
as matter of law that upon the conceded facts the result must
be the same.

ERROR to the district court for Holt county. Tried be-
low before POST, J.

*Uttley & Small,* for plaintiff in error.

*M. P. Kinkaid, M. F. Harrington,* and *H. C. Brome,*
for defendant in error.

REESE, J.

This was an action of replevin instituted by plaintiff in
error against defendant in error for the possession of per-
sonal property, consisting of a stock of harness and sad-
dlery goods. It is alleged in the petition that plaintiff is
the head of a family; that he is not the owner of town lots,
lands, nor homestead exempt to him as a homestead; that
the property described in his petition is exempt to him in
lieu thereof, under the provisions of the statute of exemp-
tions, and that defendant has wrongfully levied upon the
property, and without any authority so to do. That the

execution to satisfy which the levy was made was void on its face, and that the pretended judgment upon which the execution was issued was void for want of jurisdiction. A trial was had which resulted in a verdict and judgment in favor of defendant. Plaintiff brings error to this court.

The controlling question in the case is presented by the sixth instruction given to the trial jury by the court, and to which plaintiff excepted. It is as follows: " 6th. To enable plaintiff to claim the benefit of the exemption provided in section 521, it was necessary for him to file an inventory, under oath, of the whole of the personal property owned by him, and inasmuch as the proofs in this case show that no such inventory was filed, you are charged that the plaintiff cannot recover under the provisions of said section 521."

It is not claimed that any of the property in question was exempt to plaintiff under the provisions of section 530 of the civil code, but it is insisted that as the property taken did not aggregate the value of $500, and constituted substantially all the property owned by plaintiff, which was not exempt from execution under the specific exemptions of that section, and as plaintiff was not the owner of a homestead, the property was exempt and the levy was wrongful.

Section 521 of the civil code, referred to in the instruction, is as follows: "All heads of families, who have neither lands, town lots, or houses subject to exemption as a homestead, under the laws of this state, shall have exempt from forced sale on execution the sum of five hundred dollars in personal property." It will be observed by this that no specific property or kind of property is named, but that the language is general. "Five hundred dollars in personal property" is exempt from forced sale on execution.

Section 522 provides that " Any person desiring to avail himself of the exemption as provided for in the preceding section must file an inventory, under oath, in the court

where the judgment was obtained, or with the officer holding the execution, of the whole of the personal property owned by him or them at any time before the sale of the property; and it shall be the duty of the officer to whom the execution is directed to call to his assistance three disinterested freeholders of the county where the property may be, who, after being duly sworn by said officer, shall appraise said property at its cash value."

Section 523 provides that, "Upon such inventory and appraisement being completed, the defendant in execution, or his authorized agent, may select from such inventory an amount of such property not exceeding, according to such appraisal, the amount or value herein exempted, but if neither such defendant nor his agent shall appear and make such selection, the officer shall make the same for him."

By these sections it clearly appears that if the execution debtor desires to avail himself of the benefits which are placed within his reach by section five hundred and twenty-one, he must file an inventory under oath, and procure the appraisement of his property in the manner prescribed. When the inventory and appraisement are completed, if the property is found to be of less value than five hundred dollars it would be sufficient justification for the officer to return the property and refuse to proceed further under the execution, but if the value is greater than that amount the defendant must proceed to the selection of such part of the property as he may desire to retain, equal to that sum. When this is done by him or his agent, or in case they fail to do so, by the officer, then, and not until then, does the character or quality of exemption attach to the specific property to the extent that replevin may be maintained for its possession. It has been twice decided by this court that if the inventory was filed, and the officer refused to cause the appraisement to be made, mandamus would lie to compel him to do so. *People v. McClay*, 2 Neb., 8; *State, ex rel. Metz, v. Cunningham*, 6 Id., 92.

544 SUPREME COURT OF NEBRASKA,

If replevin could be maintained in the first instance, it would follow that an action for conversion would also lie. These two remedies would certainly furnish "a plain and adequate remedy in the ordinary course of the law," and mandamus could not be resorted to under the provisions of section 646 of the civil code.

This reasoning is sustained by a comparison of the language contained in the two sections (521 and 530) referred to. In 521 it is said that the debtor shall have exempt from forced sale the sum of "*five hundred dollars*" in personal property. By section 530 it is provided that "No property hereinafter mentioned shall be liable to attachment, or execution, or sale on any final process issued out of any court in this state against any person being a resident of this state and the head of a family." Then follows a designation of the particular property. By this section there is an absolute prohibition of the seizure. The property shall not "be liable." The officer who violates the section by the seizure of the property protected is a trespasser and wrong-doer, and is liable in replevin or for conversion, and can be made to respond in damages to the extent of the full value of the exempt property taken. But by section 521 the debtor shall have a specific *value* of property exempt upon a compliance with the provision of sections 522 and 523. It is optional with him whether he will have it or not. But it is said that since the enactment of the sections above considered, the legislature has amended the law of replevin—section 182, civil code—so that replevin will lie for exempt property, and that this section must refer as well to property exempt by virtue of section 521 as of section 530. This is, perhaps, true after the quality of exemption is fixed upon property by the appraisement and selection, but as replevin must be for "specific personal property" (sec. 181) it must follow that the property must be susceptible of identification before it can be replevined. In reply to this it is said that the value of

plaintiff's property was less than five hundred dollars and therefore the identification is complete. This is not, and could not be true, until the appraisement was made in the manner provided by law, and the fact of the value thus legally ascertained. Furthermore if the officer should, upon demand, refuse to make the levy on the ground that the property was exempt it would be quite doubtful if he could urge such exemption as a justification, if the debtor made no claim thereto. It therefore follows that the instruction was correct.

It is claimed that the verdict is excessive; that the value of defendant's possession, being limited to the amount due on the executions with interest and costs, any valuation in excess of that amount would be excessive. This is true, and if the verdict exceeds that amount defendant will be required to remit the excess, or in default thereof a new trial will be given. The cause will be referred to the clerk of this court to make the necessary computation from the bill of exceptions, and if the verdict is found to be excessive the judgment must be reversed, if the excess is not remitted within thirty days.

Other errors are assigned, but they are not vital to the case and need not be noticed. A new trial will not be given where it appears as matter of law that the verdict upon the conceded facts must be the same upon another trial as at the first.

The judgment of the district court will be affirmed upon the condition above named. If the verdict is found to be excessive the costs in this court will be taxed to defendant in error.

JUDGMENT ACCORDINGLY.

THE other judges concur.