CARL KRIESEL V. MARTIN EDDY ET AL.

FILED MAY 16, 1893.   No. 4595.

1. **Exemptions**: VALIDITY OF CLAIM: INTENTION: A JUDGMENT DEBTOR'S RIGHT to exemption under sections 522 and 523 of the Code of Civil Procedure is in no way dependent upon the mere intent with which the exemption is claimed, provided that in making his claim for exemption the execution debtor complies strictly with the statute conferring his right thereto.

2. ———: CLAIM: AN AFFIDAVIT filed as required by section 522 of the Code of Civil Procedure, which states that the affiant has certain enumerated property of the value therein detailed, which value in the aggregate is less than $500, and that the affiant has no other property, sufficiently complies with the requirements as to enumeration and value of said execution debtor's property to entitle him to the benefit of the said section of the statute.

3. **Execution**: CLAIM OF EXEMPTION: INVENTORY: SALE OF EXEMPT PROPERTY: LIABILITY OF OFFICER   Where a sufficient inventory has been filed to entitle an execution debtor to the exemptions provided in sections 522 and 523 of the Code of Civil Procedure, it is the duty of the officer to proceed further only as provided in said sections, and if, notwithstanding the due filing of the inventory, the officer holding an execution, without compliance with the statute in such cases made and provided, sells the property held by him under his execution, he is liable on his bond for the value of the property so sold, at least to the limit of $500.

ERROR from the district court of Douglas county. Tried below before CLARKSON, J.

*Charles W. Haller*, for plaintiff in error.

*Charles B. Keller*, contra.

RYAN, C.

This action was brought by Carl Kriesel against Martin Eddy, a constable, and said constable's bondsmen, to recover the value of certain goods taken under an execution by said constable, which goods, notwithstanding said Kriesel had in the meantime filed an affidavit claiming his exemptions, the said constable sold for the satisfaction of the execution in his hands. The answer admitted that Eddy, at the time of the occurrence of the transaction complained of, was a constable, and that the sureties on his bond were as alleged in said petition. Defendant also admitted that the goods were levied on and sold under the execution in the hands of said constable. Each other allegation in the petition was denied. The jury returned a verdict for the defendant as directed by the court. There was introduced upon the trial a certified copy of the affidavit for exemption, which was in the following language, omitting the title of the case and the name of the court in which it was filed:

"AFFIDAVIT FOR EXEMPTION.

"STATE OF NEBRASKA, } ss.
DOUGLAS COUNTY. }

"Carl Kriesel states on oath that he is one of the defendants in the above entitled action; that the said Kriesel is the head of a family, for that he, the said Kriesel, has dependent upon him for support, and the said Kriesel does support, his two minor daughters, Elizabeth Kriesel, aged eleven years, and Margareta Kriesel, aged eight

years; also his, said Kriesel's, aged mother. Said Kriesel owns, besides the tools and instruments kept by him, the said Kriesel, for the purpose of carrying on his trade of shoemaker (said tools and instruments are to be found at 1503 Howard street, Omaha, Nebraska, and are not worth more than $15), and besides his, said Kriesel's, necessary clothing, worth only $75, and to be found at said No. 1503 Howard street, and on said Kriesel's back, nothing besides the goods which have been seized in this action, which are described as follows: Four (4) dozen pairs men's slippers, seven (7) dozen pairs men's shoes, and one (1) dozen pairs boys' shoes; the said shoes are not worth more than $203. None of the said property above name.l is due or owing for clerks', laborers', or mechanics' wages, or for money due and owing from said Kriesel as attorney at law for money or other valuable considerations received by said Kriesel for any person or persons. Said Kriesel hereby claims all of said property as exempt."

This was subscribed and sworn to by said Carl Kriesel. There was other evidence submitted to the jury to establish the claim made that Kriesel was a citizen of Germany; was not in fact the head of a family; that he had been divorced; that he had corresponded very little with his relatives in Germany, etc. This was met with other evidence of an opposite tendency. The presiding judge, however, seems to have acted upon the theory that the sufficiency of the affidavit filed by Kriesel determined the rights of the parties. He therefore simply instructed the jury to find for the defendant, which was accordingly done.

In argument, the defendants in error insist that the evidence showed that Kriesel had agreed with Hermerdinger & Co. that the avails of his exemptions would be paid to said firm, and that therefore the claim of exemption was simply an attempt on Kriesel's part to take the goods levied upon by one of his creditors and give them to another. It has been held by this court, in *Gillespie v. Brown*,

·16 Neb., 457, that the right to sell property exempt from execution is a personal privilege and that such prop-' erty as the law exempts from execution sale can be mortgaged, and that the right of such mortgagee would prevail over that of a judgment creditor whose execution, after the making of the mortgage, had been levied upon the said mortgaged property. It results, therefore, that the agreement of Kriesel to convey the exempt property, as soon as he obtained dominion over it, to Hermerdinger & Co. would not, even if proved, defeat or qualify his right to such exemption as the statute gave him.

The only other question discussed by defendants in error is the sufficiency of the affidavit filed to entitle Kriesel to the statutory exemption to an amount in value of $500 of the property levied upon. The criticism on this score is thus stated: "This affidavit does not state that he is a citizen or resident of the state of Nebraska; does not state that he owns neither lands, town lots, nor houses subject to exemption under the laws of this state." Let us see how correct this is, as a matter of fact, tested by the affidavit itself. Its language is as follows: "Said Kriesel owns, besides the tools and instruments kept and used by him, said Kriesel, for the purpose of carrying on his trade of shoemaker (said tools and instruments are to be found at No. 1503 Howard street, Omaha, Nebraska, and are not worth more than $15), and besides his, said Kriesel's, necessary clothing, worth only $75, to be found at said No. 1503 Howard street, and on said Kriesel's back, nothing besides the goods which have been seized in this action, which are described as follows, to-wit: Four (4) dozen pairs men's slippers, seven (7) dozen pairs men's shoes, and one (1) dozen pairs boys' shoes; the said shoes are all not worth more than $203." In this excerpt the affiant states that besides his clothing and tools of the aggregate value of $90, the affiant owns nothing but certain shoes and slippers of the value of $203. If the affidavit under the stat-

ute should have shown that the affiant owned neither lands, town lots, nor houses, which we do not now determine, such requirement was fully met by the above language. This statute, providing for exemptions under consideration, does not require the affiant to state whether or not he is a resident or citizen of the state of Nebraska.   The evidence adduced on the trial of this case shows that without question Kriesel was a resident of Omaha, even if that was necessary.   Such statement in the affidavit for exemption is nowhere required.   The affidavit, which contained the inventory, was amply sufficient to meet all the requirements of the statutes, and entitle Kriesel to the exemptions contemplated by sections 522 and 523 of the Code of Civil Procedure.   Upon the filing of such an affidavit containing an inventory of all the property owned by Kriesel, the law devolved upon the constable holding the execution but one course of action, and that consisted in his calling three disinterested freeholders of Douglas county to appraise said property levied upon at its cash value, after which the execution debtor was entitled to make selection from the property appraised as provided by statute.   In this case, the constable ignored the affidavit containing the inventory, and sold all the property which he held under his execution. This rendered him liable for the fair value of said property, at least to the amount of $500, and there was no issue in the district court properly triable except such value. Officers holding executions should act under the statutes as well to protect the judgment debtor in the enjoyment of the exemption provided by statute, as to collect the judgment upon which the execution issued.   Such officers may by arbitrarily overriding the statute, prevent the beneficent operation of the exemption law in favor of the debtor. This is but one species of oppression in office, for which, such officers as are guilty will be held to strict accountability, if their victims are able to apply to the courts for redress.   The district court acted upon an erroneous pre-

sumption as to the affidavit for exemption, and its judgment is

REVERSED.

THE other commissioners concur.