Bender v. Bame.

PHILIP BENDER ET AL. V. GEORGE BAME.

FILED MAY 15, 1894.  No. 4991.

Exemption: EXECUTIONS: FAILURE OF SHERIFF TO CALL AP-
    PRAISERS.  Where personal property is seized under an execu-
    tion against a debtor, who has neither lands, town lots, nor houses
    subject to exemption, and an inventory, under oath, is made and
    filed by such debtor as provided by section 522 of the Code, it is
    the duty of the officer holding the writ to call appraisers to de-
    termine the value of the property, and the neglect or refusal of
    the officer to do so will not deprive the debtor of his exemptions,
    but he may sue for the value of the property.

ERROR from the district court of Platte county.  Tried
below before POST, J.

R. P. Drake and Albert & Reeder, for plaintiffs in error.

McAllister & Cornelius, contra.

NORVAL, C. J.

This is an action by George Bame against plaintiffs in er-
ror for the conversion of a quantity of corn owned by plaintiff
and claimed to be exempt.  A trial to the court resulted
in a judgment for Bame, and the defendants prosecute er-
ror.  There is not much controversy as to the facts.  The
overwhelming preponderance of the testimony establishes
the following: One of the plaintiffs in error, Philip Ben-
der, recovered a judgment before a justice of the peace of
Platte county against George Bame, who is the head of a
family, and a resident of said county.  An execution was is-
sued upon said judgment and placed in the hands of Joseph
Linaberry, a constable and one of the plaintiffs in error,
who, by direction of Bender, levied the same upon about
700 bushels of corn belonging to Bame.  Plaintiff below
owns neither town lots, lands, nor houses, and the total value

of his personal property, at the time of the levy, did not exceed $500. He filed an inventory, under oath, of his property with the justice before whom the judgment was obtained, under the provisions of section 522 of the Code of Civil Procedure, and demanded an appraisement of the property, but no appraisement was ever made. The corn thus levied upon was replevied from the constable by one F. T. Fleming, who claimed it by virtue of a chattel mortgage executed by Bame. The testimony also shows that this mortgage was paid before the levy of the execution. That the corn was exempt is clear. The sole contention of plaintiffs in error is that this action cannot be maintained, because there has been no appraisement of property as provided by statute. That the officer did not cause an appraisement to be made is no fault of the defendant in error. All the law required of him was to make and file with the justice an inventory under oath of his personal property, and, after the appraisement has been made, to select therefrom property to the amount of the statutory exemption. It is the well settled law of the state that exemption laws are to be construed liberally, to the end that the purpose for which they were adopted may be accomplished. After the debtor has complied with the law on his part, he ought not to be deprived of his exemption by the failure of the officer to perform his duty. To hold, when exempt property has been seized under execution and the proper inventory has been filed, that an action for conversion will not lie where the officer fails or refuses to make an appraisement would, in many cases, destroy the value of the exemption by preventing the debtor from deriving any benefit from it.

But it is said the remedy was by *mandamus* to compel the officer to call the appraisers. Doubtless defendant in error could have resorted to *mandamus*, but it does not follow that he has no other remedy. In *Cunningham v. Conway*, 25 Neb., 615, it was held that where an execution is levied upon personal property of the head of a family,

who has neither lands, town lots, nor houses subject to ex-
emption, it is the duty of the officer holding the writ,
when the debtor files the inventory of all his property, to
have the property appraised, and if its value does not ex-
ceed $500, return it to the judgment debtor; and in case
the officer fails or refuses to call appraisers, he may, by
*mandamus*, be compelled to act, or the debtor may bring a
suit against him for non-performance of his duty, or may
enjoin the sale under the execution.   Another case quite in
point is *Hamilton v. Flemming*, 26 Neb., 240.   That was
an action against a sheriff for the conversion of exempt
property, which the officer had seized by virtue of an order
of attachment.   Flemming, the judgment debtor, filed an
inventory of the whole of her property, but it was not
acted upon by the officer.   This court held that a suit for
the conversion of the property would lie.   REESE, C. J.,
in delivering the opinion of the court, says: "It is quite
probable that the justice of the peace might have ordered
the property released, and quite true that the sheriff should
have called appraisers as provided by law; but neither
was done.   Defendant in error might then have instituted
an action in replevin for the possession of the property
shown to be exempt (*Mann v. Welton*, 21 Neb., 541), the
proper foundation having been laid therefor.   This right
is also conferred by section 182 of the Civil Code.   The
quality of exemption having been fixed upon the property
by the filing of the affidavit and inventory, at least so far
as it was within the power of defendant in error to fix such
quality, she might, perhaps, have maintained an action in
replevin for the specific property; and failing to do so,
she could maintain her action for its conversion."   The
facts in the two cases cited above are substantially the
same as in the one under consideration, and are precedents
for maintaining this action.

The case of *Mann v. Welton*, 21 Neb., 543, is clearly
distinguishable.   There the debtor brought replevin to

recover property seized under an execution, which was claimed to be exempt. No inventory was ever filed, and the court held that replevin would not lie. A debtor may waive the $500 exemption, and he will be held to have done so if he fails to file the required inventory before the sale of the property by the officer under the writ. The doctrine announced in the authority last cited does not militate against the conclusion we have reached in this case. The judgment below is

AFFIRMED.

POST, J., having decided the case in the district court, took no part in the above opinion.