THEODORE WIDEMAIR v. WILLIAM H. WOOLSEY, SHERIFF.

FILED JANUARY 19, 1898. No. 7687.

1. **Exemption.** Under section 521 of the Code of Civil Procedure, a judgment debtor, who is the head of a family and has no homestead—*i. e.*, owns neither lands, town lots, nor houses subject to exemption under the homestead laws of the state—may claim as exempt from forced sale on execution personal property to the value of $500.

2. **Homestead.** The words "subject to exemption as a homestead," as used in said section 521, do not refer to "houses" alone, but apply to "lands" and "town lots" as well.

ERROR from the district court of Johnson county. Tried below before BUSH, J. *Reversed.*

*Davidson & Giffen*, for plaintiff in error.

*J. Hall Hitchcock* and *Hugh La Master*, contra.

NORVAL, J.

This suit was brought for damages for the conversion of certain goods, wares, harness, and merchandise belonging to plaintiff. The district judge directed a verdict for defendant. The facts which must control the decision of the cause are, briefly stated, as follows: Plaintiff was a married man, residing with his family in the town of Cook, this state, where he was engaged in the business of making harness. His entire personal property did not exceed in value the sum of $500. He owned the lot on which his harness-shop was located, but did not reside thereon. His wife was the owner of three vacant and unoccupied lots in the town of Cook. Plaintiff and his wife lived in rented property, and at no time since their marriage did they reside upon, or occupy as a home, any real estate belonging to them, or either of them. The defendant, as sheriff of Johnson county, levied upon, took into his own possession, and sold, the goods in dispute under and by virtue of two executions issued upon two separate judgments recovered against plaintiff, and the proceeds of the sale were applied towards the satisfaction of said executions and judgments. Prior to the sale plaintiff filed with the defendant, in accordance with the provisions of section 522 of the Code of Civil Procedure, an inventory, under oath, of the whole of the personal property owned by plaintiff, and demanded that the same be appraised and released from the levies as exempt, with which request defendant refused to comply.

The point presented for consideration is whether the property levied upon was exempt under the laws of the state. The question is one of statutory construction. Section 521 of the Code of Civil Procedure is as follows:

"Sec. 521. All heads of families who have neither lands, town lots, or houses subject to exemption as a homestead, under the laws of this state, shall have exempt from forced sale on execution the sum of five hundred dollars in personal property."

The contention of defendant is, which was the view
taken by the trial court, that the words "subject to ex-
emption as a homestead," as employed in said section,
apply alone to "houses." In other words, a debtor is
not entitled to the benefits of the provisions of said sec-
tion 521 if he owns either lands or town lots or any real
estate whatever, although the same may be vacant and
unoccupied. We cannot yield assent to such doctrine.
Homestead and exemption laws are invariably construed
liberally in favor of the debtor who claims the protection
of their provisions. The exemption of $500 in personal
property was given by the legislature to every judgment
debtor, being the head of a family, who owns no home-
stead. Such provision was made in lieu of a homestead.
If such debtor owns any real estate, either lands or town
lots, or any houses so impressed with the character of a
homestead as to render the same exempt from levy and
sale on execution, he cannot invoke the protection of
section 521. On the other hand, he is entitled to the
exemption of $500 in personal property if he has no real
estate, or house, which is exempt from judicial process,
even though he owns unoccupied lands or town lots in
which no right of homestead exists. This is the plain
meaning of the law, and is in accord with the construc-
tion placed upon said section 521 of the Code in *Hamilton
v. Fleming*, 26 Neb. 242. That was an action to recover
exempt personal property levied upon by the sheriff un-
der a writ of attachment. It was urged that the petition
did not state a cause of action. The court sustained the
pleading, saying: "Upon an examination of the petition,
we find that it is alleged that at the time the said order
of attachment was levied upon the goods of defendant in
error she was a resident of this state and the head of a
family, and not the owner of a homestead, and had filed
her inventory of said property with plaintiff in error, and
notified him that she selected said property to hold
exempt from levy and sale under the laws of this state.
While these allegations do not follow strictly the lan-

guage of, the statute, yet they must be held sufficient. There is no allegation in terms that defendant was not the owner of 'lands, town lots, or houses subject to exemption as a homestead' as in section 521 of the Civil Code; but the allegation that she was not the owner of a homestead must be treated, when assailed after verdict, as equivalent to the use of the language contained in the statute.   By the section of the Code above referred to, a homestead may consist of lands or town lots with the necessary buildings thereon, or of houses, and they are all included within the term 'homestead' as used in the petition; and the averment must be taken as negativing the ownership of a homestead of either character."

In construing the provisions of said section 521, in *Stout v. Rapp*, 17 Neb. 470, the court observed: "In order to secure the benefit of this section it must appear that the 'head' of the family has no real estate exempt.   If the head of the family has a home in which the family resides, the exemption provided for by this section does not exist.   They cannot have both.   (*Axtell v. Warden*, 7 Neb. 182.)   If he had no homestead, he would not only be entitled to this exemption, but either party (husband or wife) might select it from the personal property of the husband."

In *Williams v. Golden*, 10 Neb. 434, COBB, J., speaking of the intention of the legislature in enacting said section 521, said: "Evidently it was their intention to give the landless debtor an exemption of personal property in lieu of the more wealthy debtor's homestead exemption."

There is no room to doubt that every head of a family in this state is entitled to claim personal property to the value of $500 as exempt from sale under execution where he has no real estate or house constituting a homestead, or in respect of which exemption from judicial process could be successfully asserted.   Under the undisputed facts in the case at bar no homestead character had been impressed upon either the business property owned

by the plaintiff or the lots belonging to his wife. He having "neither lands, town lots, or houses subject to exemption as a homestead," the personal property seized by the defendant is exempt from levy and sale under the executions, and, therefore, the district court erred in directing a verdict for the defendant.

We have been urged to enter a judgment in this court in favor of the plaintiff in accordance with section 594 of the Code of Civil Procedure, for the minimum value placed upon the property by the witnesses. An examination of the evidence discloses that this is not a proper case for the enforcement of the provisions of said section, as there are controverted facts which should be determined by the trial court, or a jury. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.