FIRST NATIONAL BANK OF NELIGH V. GUSTAVUS A. LANCASTER AND JAMES G. CRINKLAW, SHERIFF.

FILED APRIL 8, 1898.   No. 7875.

1. **Mandamus: RELATOR.** When mandamus is the appropriate remedy the writ is issued on the relation of a private suitor.

2. **Attachment: SEIZURE OF EXEMPT PROPERTY: APPRAISEMENT.** It is the duty of an officer who has seized under an order of attachment property claimed to be exempt under section 521 of the Code of Civil Procedure to cause such property to be appraised when the attachment defendant, being a resident of the state, the head of a

family, and without any homestead exemption, files with such officer, or in the court from which the writ issued, the proper inventory and affidavit.

3. ———: ———: ———: MANDAMUS: PARTIES. Where, upon the filing of such inventory and affidavit, the officer refuses to call appraisers, a writ of mandamus will issue to compel him to perform that duty; and, pending the application for the writ, the attachment creditor may intervene and join with the officer in resisting the application.

4. ———: ———: ———: ———. To entitle an execution or attachment defendant to a peremptory writ of mandamus against an officer who has seized and refused to appraise property claimed to be exempt under section 521 aforesaid, he must allege, and prove, if not admitted, that after the seizure and before the sale he filed with the officer, or in the court from which the process issued, a schedule of his entire personal estate, together with a sworn statement that such schedule is complete and correct and that the claimant is a resident of the state, the head of a family, and not possessed of lands, town lots, nor houses exempt as a homestead under the laws of this state.

ERROR from the district court of Antelope county. Tried below before ROBINSON, J. · *Reversed.*

*N. D. Jackson,* for plaintiff in error.

*S. D. Thornton, contra.*

SULLIVAN, J.

The First National Bank of Neligh sued Lancaster and caused his property to be seized by Crinklaw, as sheriff of Antelope county, under an order of attachment issued in the action. Thereupon Lancaster, claiming the property to be exempt under section 521 of the Code of Civil Procedure, filed with the sheriff an inventory of the whole of the personal property owned by him and demanded an appraisement by three disinterested freeholders of the county to be called and sworn as required by law in such cases. The sheriff, at the instigation of the bank, ignored the demand and Lancaster commenced this suit against him to compel official action. The bank obtained leave to intervene and filed an answer. There was a trial in the district court, which resulted in a find-

ing and judgment for the relator. The bank alone complains.

The relator insists that the bank is a mere intruder in the case and should not be permitted to assail the judgment whether it is right or wrong. But we think there was no error in allowing the intervention. The writ of mandamus is no longer a prerogative writ; when it is the appropriate remedy it is issued as a matter of course on the relation of a private suitor. (*State v. Commissioners*, 11 Kan. 67; *Fisher v. Charleston*, 17 W. Va. 63; *State v. Cummings*, 17 Neb. 311.) Section 50a of the Code is as follows: "Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the state of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has joined in the action, and before the trial commences." This statute justifies the intervention, but it is quite clear from its language that the bank on being admitted into the case secured nothing more than the right of uniting with the respondent in resisting the relator's claim. The contention that it could put in issue the correctness of the inventory or the truth of the matters required to be stated in the affidavit attached thereto cannot be sustained. Being interested in the success of the officer, the bank could champion his defense, but could not widen its scope. The law providing for the appraisement of exempt chattels taken on execution or attachment is well designed to guard against oppression of indigent householders and to place in their hands a swift, inexpensive, and effective remedy; and it should not be bent from its appointed purpose and readjusted by the courts to suit the convenience of creditors. When the homeless

debtor, being a resident of the state and the head of a family, draws about his small possessions the sacred circle of the exemption law, they are within a sanctuary inviolable to the creditor as well as to the officer who is charged with the execution of his process. And we are entirely satisfied that the constitutional rights of the creditor are not infringed by limiting him, in actions of this character, to the defenses which may be rightfully interposed by the sheriff or constable acting under the execution or order of attachment.

We now proceed to consider whether the judgment is sustained by sufficient evidence. The petition alleges that the relator is a resident of Antelope county, the head of a family, that he has neither lands, town lots, nor houses subject to exemption, and that he filed in due season with the respondent, Crinklaw, an inventory of the whole of the personal property owned by him. The intervener's answer admits that the relator is the head of a family and a resident of the state, and, also, that he filed with the sheriff what purports to be an inventory of the whole of his personal property. The answer then charges that the inventory is false and fraudulent, and denies in general terms the facts not specifically admitted to be true. Thus it appears that the allegation of the petition that the relator possessed no real estate exempt as a homestead was one of the issues presented to the court for trial. The inventory was not offered in evidence and there is not in the record any proof whatever that Lancaster had neither lands, town lots, nor houses exempt as a homestead under the laws of this state. On this record can the judgment be sustained? Section 521 of the Code of Civil Procedure is as follows: "All heads of families who have neither lands, town lots, or houses subject to exemption as a homestead, under the laws of this state, shall have exempt from forced sale on execution the sum of five hundred dollars in personal property." Here is contained a description of the persons who shall be entitled to exemptions of the character

claimed by the relator in this action.  The next section provides what a person entitled to such exemption must do to secure it.  He must, some time before the sale, "file an inventory under oath, in the court where the judgment is obtained, or with the officer holding the execution, of the whole of the personal property owned by him."  Accompanying this inventory or attached to it must be a verified statement of the debtor showing his right to the exemption claimed.  When such inventory and affidavit have been filed, it becomes the imperative duty of the officer to call freeholders and cause an appraisement of the property to be made; and he will be permitted to offer no excuse for failing to discharge this duty.  But he is not required to act on the filing of an inventory unless it be accompanied by an affidavit showing that the debtor is within the class for whose benefit the law was enacted.  The statute here under consideration has received very liberal construction in the interests of unfortunate debtors, but it has never been held that a person may have $500 worth of personal property set apart to him as exempt without even making an affidavit that he is entitled to it.  In *Kilpatrick-Koch Dry Goods Co. v. Callender,* 34 Neb. 727, an affidavit reciting that the debtor was the head of a family, a resident of the state, and had neither lands, town lots, nor barns subject to exemption as a homestead was held not to meet the requirements of the law, because it failed to show that he did not possess any exempt houses.  The second point of the syllabus states the rule thus: "A debtor who swears that he has neither lands, town lots, nor houses subject to exemption must negative the possession of any of these, and if he fails to do so the affidavit will be insufficient."  It follows from what has been said that the plaintiff was entitled to the peremptory writ only upon due proof that he filed with the sheriff in connection with the inventory an affidavit setting forth that he was a resident of the state, the head of a family, and had neither lands, town lots, nor houses

exempt as a homestead. Having failed to furnish such proof, the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.