MAX WOOLFSON, APPELLANT, v. C. W. MEAD, APPELLEE.

FILED JULY 11, 1914. No. 17,817.

1. **Exemptions: NONRESIDENTS.** In order to entitle a judgment debtor to the benefit of the $500 exemption of personal property provided for in section 521 of the code, it must appear that he is a resident of this state, the head of a family, and that he has no lands, town lots or houses subject to exemption as a homestead under the laws of this state. The $500 exemption is in lieu of the homestead, and nonresidents of the state are not entitled to this exemption.

2. *Kriesel v. Eddy,* 37 Neb. 63, distinguished.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Reversed.*

*J. E. von Dorn,* for appellant.

*De Bord, Fradenburg & Van Orsdel* and *Francis P. Matthews,* contra.

Woolfson v. Mead.

LETTON, J.

Plaintiff obtained a judgment against defendant under which garnishment proceedings were instituted against the Omaha Gas Company, which answered that it had in its possession $50 belonging to defendant, being wages earned by him while employed as a clerk. Defendant then filed an affidavit, claiming the $50 as exempt to him under the laws of this state, which recited that defendant is the head of a family, a nonresident of this state, living in Council Bluffs, Iowa; that he had no land, town lots or houses subject to exemption as a homestead; that, including the $50 mentioned, the defendant did not own or possess personal property to the amount of $500, and that the $50 was earned by him within 30 days from the date of the garnishment proceedings. The court found that 90 per cent. of the wages was absolutely exempt, and that the balance of the money was exempt as a part of the $500 exemption allowed to heads of families, and ordered the money released. Plaintiff appeals.

The question presented is whether a nonresident is entitled to the benefit of the $500 exemption provided for by sections 521-523 of the code. The language of the statute is: "All heads of families who have neither lands, town lots, or houses subject to exemption as a homestead under the laws of this state, shall have exempt from forced sale on execution the sum of $500 from personal property." Code, sec. 521. Sections 522 and 523 provide for the manner in which the exemption may be obtained.

In *Williams v. Golden,* 10 Neb. 432, Judge Cobb said, speaking of the legislature: "Evidently it was their intention to give the landless debtor an exemption of personal property in lieu of the more wealthy debtor's homestead exemption." This court has frequently repeated that the $500 exemption is "in lieu of the homestead exemption." *Mann v. Welton,* 21 Neb. 541; *Widemair v. Woolsey,* 53 Neb. 468.

In *First Nat. Bank v. Lancaster,* 54 Neb. 467, the second paragraph of the syllabus is: "It is the duty of an

96 Neb. 34

officer who has seized under an order of attachment property claimed to be exempt under section 521 of the code of civil procedure to cause such property to be appraised when the attachment defendant, being a resident of the state, the head of a family, and without any homestead exemption, files with such officer, or in the court from which the writ issued, the proper inventory and affidavit." Judge Sullivan, writing the opinion, says: "It follows from what has been said that the plaintiff was entitled to the peremptory writ only upon due proof that he filed with the sheriff in connection with the inventory an affidavit setting forth that he was a resident of the state, the head of a family and had neither lands, town lots, nor houses exempt as a homestead. Having failed to furnish such proof, the judgment of the district court is reversed." This is followed in *Johnson v. Bartek*, 56 Neb. 422. The history of the legislation with respect to this subject is set forth in the opinion in this case.

It will be seen that these decisions are consistent in holding that the $500 provision is in lieu of the homestead, and that in order to obtain the same it must appear that the applicant is a resident of the state, and the head of the family, and has neither lands, town lots, nor houses subject to exemption. The only case in which language is used somewhat inconsistent with this idea is *Kriesel v. Eddy*, 37 Neb. 63. In this case the affidavit, while inartistically drawn, showed that Kriesel had no other property than that which had been seized. The opinion says: "If the affidavit under the statute should have shown that the affiant owned neither lands, town lots, nor houses, which we do not now determine, such requirement was fully met by the above language." The affidavit implied, and the evidence at the trial showed, that Kriesel was a resident of Omaha. As to this point it is said: "Such statement in the affidavit for exemption is nowhere required." This is the only point upon which the opinion is not in harmony with the later opinions of this court. While section 522 does not require in direct terms that the residence of affiant be stated in the affidavit, the fact

Woolfson v. Mead.

of residence must appear, and the proper practice is laid down in *First Nat. Bank v. Lancaster, supra.* So far, therefore, as it is inconsistent with the opinion in the latter case, *Kriesel v. Eddy, supra,* cannot be regarded as authority.

It seems clear that this is the only rational rule of construction to be given to this statute. If defendant's contention is sound, a fraudulent debtor doing business in this state and owning a valuable homestead in an adjoining state, for instance, in Council Bluffs, Iowa, might truthfully make an affidavit in the language of the statute that he was the head of a family, and had "neither lands, town lots or houses subject to exemption as a homestead under the laws of this state," and would be entitled to have set apart to him, not only the specific exemptions of tools, wages, etc., but also the $500 exemption, while a citizen of this state, having the most humble home, could obtain the specific exemptions only in addition to his homestead. It is unreasonable to believe that the legislature intended to give a nonresident debtor privileges which it denies to the residents of this state. We adopt and approve the rule stated in *First Nat. Bank v. Lancaster, supra.* Since the defendant's affidavit shows that he is not a resident of the state, he is not entitled to any part of the $500 exemption.

The order of the district court allowing him a portion of the money as a part of the $500 exemption is reversed, and the cause remanded for further proceedings.

REVERSED.

ROSE, J., not sitting.