THE PEOPLE *ex rel* DOBSON *v.* MCCLAY.

## The People *ex rel* Dobson v. McClay.

MANDAMUS: Mandamus is the proper remedy to compel a sheriff to appoint appraisers, under the exemption-execution law, upon the proper application to him by the judgment-debtor.

EXEMPTION: *Aliens.* A resident alien, whose family is not in this State, is as much entitled to the benefit of the law giving exemption from sale of his property taken upon execution against him as is a citizen, if he came here with a settled purpose of abandoning his foreign residence, and, on his arrival here, fixed upon this State as his home, and intends to remove his family here.

On the twelfth day of November, 1870, Lathrop obtained a judgment against Dobson before a justice of the peace, on which execution issued to the sheriff of Lancaster County. The sheriff levied upon all of the property of the defendant, consisting of household furniture and carpenter's tools, of less value than five hundred dollars. Dobson thereupon filed with the justice who rendered the judgment an inventory of his property, verified by him, claiming the benefit of the exemption law; and the same was duly appraised and released by the sheriff. Another execution was afterwards issued by the justice upon the same judgment, which was levied upon the same property. Dobson then filed a second inventory, claiming the benefit of the exemption law; but the sheriff refused to appoint appraisers so as to permit Dobson to avail himself of the privileges of the law.

Dobson applied to this Court for a writ of mandamus to compel the respondent to do his duty in that behalf, and an alternative writ was allowed.

The sheriff answered the writ, alleging that Dobson was not, at the time of the recovery of the judgment, a citizen of the United States, and that his family was not in this country; but that, coming himself from

Europe, he left his family there, consisting of a wife and five children, who, he alleged, were dependent upon him for support.

*S. M. Boyd* and *G. W. Lowley*, for petitioner.

*Lamb* and *Billingsbly*, contra.

LAKE, J.

We have no doubt that mandamus is the proper remedy in this case. There is no other adequate remedy for the wrong of which the relator complains. By no other means can he compel the respondent to do that which the law specially enjoins upon him, as a duty resulting from the official position that he occupies. The relator filed an inventory of all his personal property, as required by sect. 522 of the Code of Civil Procedure, which embraced that which the respondent had levied upon, and claimed it as being exempt from forced sale or execution.

This done, the respondent had but one course to pursue : this was to call three disinterested freeholders of the county, and have them appraise the property, and if its value, as shown by the appraisement, did not exceed five hundred dollars, release it from the execution, and return it at once to the owner. If the value exceeded that amount, the owner or his agent, or, in case of their absence, the sheriff himself, must select property therefrom to the amount of five hundred dollars in value, and return the same to the owner. The residue, if any, he could lawfully hold and sell under his execution.

But it is urged on the part of the respondent, that the relator, although the head of a family, is not enti-

THE PEOPLE *ex rel* DOBSON *v.* McCLAY.

tled to the benefits of our exemption act, for the reason that he is an alien, whose wife and children still remain in England, from whence he came to our State.

Our statutes on this subject make no distinction between resident aliens and citizens : they are alike entitled to its protection and benefits. In this they are in harmony with sect. 14 of Art. I. of the Constitution, which declares that " no distinction shall ever be made by law between resident aliens and citizens in reference to the possession, enjoyment, or descent of property."

The relator is a resident of our State, and the head of a family consisting of a wife and several children. He has neither lands, town-lots, nor houses subject to exemption under the laws of Nebraska. He is therefore entitled to the benefits secured by sect. 521 of the Code of Civil Procedure ; viz., to " have exempt from forced sale on execution the sum of five hundred dollars in personal property."

These benefits are secured to him, not because of the residence of his family, but his own. They attach to him in his own right as the head of a family actually residing here. That his family did not accompany him in his removal to our State is of no consequence so long as he came with the settled purpose of abandoning his residence in England, and on his arrival fixed upon this State as his home, to which he intends to bring them, and from which he has now no intention to remove.

The Court being of the opinion that the answer of the respondent to the alternative writ is entirely insufficient, a peremptory mandamus is awarded against him.

Judgment accordingly.