Frazier v. Syas.

· The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

JOSEPH FRAZIER, PLAINTIFF IN ERROR, V. LOUISA SYAS, DEFENDANT IN ERROR.

**Exemption.** One S., being a resident of this state, actually engaged in the business of agriculture, and possessed of a span of horses, used to carry on his business, absconded, leaving the horses in the possession of his wife, who continued to carry on the business of agriculture. The horses in question were levied upon under an execution on a judgment against S. In an action of replevin, by the wife, *Held*, that the horses were not liable to be taken for the husband's debt, and the wife, being the head of the family, could claim the benefit of the exemption.

ERROR to the district court for Fillmore county, where the cause was tried before WEAVER, J.

John P. Maule, for plaintiff in error, contended that the petition did not state facts sufficient to constitute a cause of action; that the *plaintiff* must be the *debtor*, a resident of the state and the head of a *family*, and at the time of the levy actually engaged in the business of agriculture; that the petition must show that the debt, to satisfy which the property in question

---

NOTE.—Partnership property is not exempt.    Tills Case, 3 Neb., 261.    *Wise v. Frey*, 7 Neb., 135.

A resident alien, who is the head of a family, although that family reside in a foreign country, is entitled to exemptions so long as he came to Nebraska with the intention of making it his home. *The People v. McClay*, 2 Neb., 9.    Among the exempt articles mentioned in the statute are " one yoke of oxen or pair of horses in lieu thereof."    *Held*, That the object being to exempt a " team " for the debtor that " a team of mules " is exempt.    *State v. Cunningham*, 6 Neb., 93.—REP.

Frazier v. Syas.

was levied on, was not for clerks', laborers', or mechanics' wages, etc.; that in order to claim and derive the benefit of the exemption statute, the debtor must bring himself and his property within its provisions; that the evidence does not disclose that the defendant in error at the time of the levy was actually engaged in the business of agriculture; neither is there any evidence tending to show that the defendant in error is the head of a family, or was at the time of the levy; that a head of a family is defined to be a householder, and one who provides for a family; there must be the relation of parent and child, or husband and wife. Gen. Stat., 618. 1 Bouvier's Law Dic., 661. *Keiffer v. Barney*, 31 Ala., 192.

*R. B. Likes and C. J. Dilworth*, for defendants in error, cited Smythe on Homesteads, 524, 541. *Wilson v. McElroy*, 32 Penn. State, 82. *McCarthy's Appeal*, 68 Penn. St., 217. Laws of Neb., 1877, p. 10. Miller Pleading and Practice, 515. Herman on Executions, 91. The amended petition was sufficient without any reference to the property being exempt from execution, as it states that the property was lawfully in the possession of the plaintiff below, and was taken by the defendant, and as he does not claim in his answer to have any authority to take the same, he has no right to controvert the right of the plaintiff below to the ownership or right of possession. If he had any right to take the property he should have set that fact up in his answer, and not have disclaimed or denied it.

MAXWELL, CH. J.

This is an action of replevin. It appears from the bill of exceptions that in October, 1877, one J. D. Syas resided with his family on his homestead in Fill-

more county, and was actually engaged in the business of agriculture, and was possessed of the horses in dispute. It also appears that during said month he left his house, and has not since been heard from, and that at the time he left, the horses in question were the only ones he possessed. Soon after Syas had left, these horses were levied upon by the plaintiff in error by virtue of an execution issued on a judgment recovered in favor of one Pinney and against Syas. The defendant in error, who is the wife of J. D. Syas, continued to reside on the homestead, and brought an action of replevin and recovered the possession of the property, and on the trial of the cause judgment was rendered in her favor for a return of the property and damages for withholding the same. The cause is brought into this court by petition in error.

It is clearly shown by the record that the defendant in error is a resident of this state, the head of a family, and at the time the property in question was levied upon was actually engaged in the business of agriculture, and that these horses were the only ones she possessed. Under these circumstances they were exempt. Section 530 of the code provides that "no property hereafter mentioned shall be liable to attachment, execution, or sale, on any final process issued from any court in this state, against any person being a resident of this state and the head of a family." And it is also provided that "if the debtor be at the time actually engaged in the business of agriculture, in addition to the above enumerated articles, one yoke of oxen, or a pair of horses in lieu thereof." [Gen. Stat., 618.]

In the case of *Darby v. Weyrich*, 8 Neb., 174, it was held that the property which is exempt by law for the owner's debts is not susceptible of a fraudulent alienation.

Frazier v. Syas.

Syas, therefore, had a perfect right to dispose of this property as he saw fit, as it was not liable for his debts. But even if the property was subject to levy and sale upon execution in case the family should abandon their residence in this state, still, as it is shown that the wife and family continue to reside here, the property was not liable. In case of the husband's death the property would not thereby become subject to sale upon execution; why, then, should such liability accrue in case of his absence? It is the evident intention of the law that the exempt property in the possession of the family shall remain exempt so long as the family continue to reside in the state. *Bonnell v. Dunn*, 29 N. J. Law, 437.

As was said in *Bowker v. Collins*, 4 Neb., 496, the homestead law being remedial in its character, should receive a liberal construction consistent with justice for the purpose of preserving a home for the unfortunate. And the same rule applies to the exemption of chattels. The law is for the benefit of the *family* of the debtor, and its benefits may be claimed by the actual head of such family then residing in the state, although the husband may have absconded.

The property in question not being subject to levy and sale upon execution, the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.