JAMES H. HAMILTON, PLAINTIFF IN ERROR, V. HORTENSE FLEMING, DEFENDANT IN ERROR.

[FILED MARCH 20, 1889.]

1. **Attachment:** LEVY ON EXEMPT PROPERTY: PETITION. Where, in an action against a sheriff for wrongfully selling exempt property under a final process, the petition alleged the seizure, and sale, and the filing of an affidavit with the officer showing the exempt character of the property; that it was exempt; that the plaintiff was a resident of the state, the head of a family, and that she was not the owner of a homestead; and that the property was of a particular value stated in the petition; it was *held*, that the petition stated facts sufficient to constitute a cause of action.

2. ———: ———: RIGHTS OF CLAIMANT: LIABILITY OF OFFICER. Where, after the levy of an attachment upon exempt property, the defendant filed an affidavit of exemption and inventory of all her property, by which she claimed that the property was exempt under the provisions of section 521 of the Civil Code, and the officer having the process failed to call appraisers or to take any steps to ascertain whether or not the property was exempt, it was *held*, that the decision of the justice of the peace before whom the action was pending, sustaining the attachment, was not conclusive upon the defendant in the action, but that she might maintain replevin, or sue for the value of the property.

3. ———: ———: HUSBAND AND WIFE: RIGHT OF WIFE. Where the property levied upon consisted of household goods, such as bedding, dishes, bed-clothing, etc., belonging to the wife, and by the departure of her husband, for temporary or permanent pur-

poses, the maintenance and support of the family devolved upon
the wife, she was entitled to the exemption as the head of the
family.

ERROR to the district court for York county. Tried
below before NORVAL, J.

*France & Harlan*, for plaintiff in error, cited: Max-
well's Pl. and Pr. 301; Stewart on Husband and Wife, secs.
14–60; *Snyder v. People*, 26 Mich. 106, 109.

*Sedgwick & Power*, for defendant in error, cited: *Al-
brecht v. Treitschke*, 17 Neb. 205; *Neihardt v. Kilmer*, 12
Id. 36.

REESE, CH. J.

The original action in this case was instituted for the re-
covery from the sheriff of the value of certain personal prop-
erty levied upon by him by virtue of an order of attachment,
and subsequently sold under an order of sale for the satis-
faction of the judgment rendered in the principal case. It
is contended that at the time of the seizure the property
was exempt from execution. Upon a trial being had in
the district court, a judgment was rendered in favor of
the defendant in error for $100 and costs of action.

Plaintiff in error brings the cause to this court for review
by proper proceedings in error.

The first contention on the part of plaintiff in error is
that the petition filed in the district court does not state
facts sufficient to constitute a cause of action. This criti-
cism is upon the theory that there was no allegation in the
petition that defendant in error was a resident of the state
at the time of the issuance of the attachment, nor that she
had no lands, town lots, nor houses, subject to exemption as
a homestead, nor that the property levied upon was exempt
from attachment or execution, nor that defendant in error

had filed an inventory of her personal property with the officer by whom the sale was made.

Upon an examination of the petition, we find that it is alleged that at the time the said order of attachment was levied upon the goods of defendant in error, she was a resident of this state and the head of a family, and not the owner of a homestead, and had filed her inventory of said property with plaintiff in error, and notified him that she selected said property to hold exempt from levy and sale under the laws of this state. While these allegations do not follow strictly the language of the statute, yet they must be held sufficient. There is no allegation in terms that defendant was not the owner of "lands, town lots, or houses, subject to exemption as a homestead," as in section 521 of the Civil Code; but the allegation that she was not the owner of a homestead must be treated, when assailed after verdict, as equivalent to the use of the language contained in the statute. By the section of the Code above referred to, a homestead may consist of lands or town lots with the necessary buildings thereon, or of houses, and they are all included within the term "homestead" as used in the petition; and the averment must be taken as negativing the ownership of a homestead of either character.

It is next contended that defendant in error should have replevied the property levied on, or should have appeared before the justice who rendered the judgment under which the seizure was made, and had the property released as being exempt from attachment, and that failing to do so, she had waived her right to bring an action for the value of the property seized and sold. In support of this contention, *State v. Sanford*, 12 Neb. 425, and *State v. Krumpus*, 13 Id. 321, are cited.

The former case was an application for a mandamus to compel the constable to release property which he had levied upon by virtue of an attachment. The writ was denied, upon the ground that the proceeding could not be

had before judgment, and that in an attachment, an order requiring the constable to call appraisers, would not be issued while the property was held by him under the attachment. The latter case is substantially the same; and neither one seems to go further than to decide that in actions accompanied by attachment proceedings, mandamus will not lie to compel the officer to appraise and relinquish exempt property. These decisions were made by a divided court, and, as the court is at present organized, are not considered good law.

In *People v. McClay*, 2 Neb. 7, and in *State v. Cunningham*, 6 Id. 90, it was held that a writ of mandamus would lie in case of execution, and in the latter case that it would lie in case of attachment. But we do not think the inquiry here presented is material, for the reason that the record shows that the necessary inventory and affidavit were filed, but were not acted upon by the officer.

It is quite probable that the justice of the peace might have ordered the property released, and quite true that the sheriff should have called appraisers as provided by law; but neither was done. Defendant in error might then have instituted an action in replevin for the possession of the property shown to be exempt, (*Mann v. Welton*, 21 Neb. 541,) the proper foundation having been laid therefor. This right is also conferred by section 182 of the Civil Code. The quality of exemption having been fixed upon the property by the filing of the affidavit and inventory, at least so far as it was within the power of defendant in error to fix such quality, she might, perhaps, have maintained an action in replevin for the specific property; and failing to do so, she could maintain her action for its conversion.

It is next contended that the order for the sale of the attached property was a final judgment, and that defendant in error could not ignore it and assert her right to claim the property as exempt; that in such case the remedy of the debtor is to assert the claim of exemption in the court

from which the attachment was issued. While it is no doubt true that where the quality of exemption does not attach to the property under the specific exemption laws, the debtor must pursue the course provided by the statute, as decided in *Mann v. Welton, supra,* yet we cannot see that by the failure of the officer to have the property appraised, and the exempt property set off to the claimant, her right to further action could be thus destroyed. In opposition to this view, the case of *State v. Manley,* 15 Ind. 8, is cited. In that case there appears to have been no objection to the attachment of the property before judgment. The defendant in the action appeared, and upon the trial of the principal case, judgment was rendered against him and the attached property ordered to be sold. After the rendition of the judgment and the issuance of the order of sale, and before the sale, the relator demanded that the attached property be set off to him as exempt, which the constable refused to do. The opinion is not clear in its statement of facts, and it does not appear that any legal remedy existed, except that of setting up the claim that the property was exempt from sale, as a defense to the attachment.

It is quite probable that if the right was given to file an inventory as in this state, the right to demand the exempt property was lost, as in *Mann v. Welton.* Under the statutes of this state, governed as we must be by the oft-declared rule that statutes creating exemptions are remedial and must be liberally construed, we do not believe that the defendant's rights were lost by the action of the sheriff in refusing to call appraisers. She complied with the requirements of the law in filing her inventory and affidavit. It was the duty of the sheriff to ascertain as to the exempt character of the property; if so exempt, its further detention was a trespass, and defendant in error would have the right to replevy, or maintain her action for conversion, as she might elect.

The next question presented is as to defendant in error being the head of the family, within the meaning of section 521 of the Civil Code.

Under the rule stated in *Schaller v. Kurtz*, 25 Neb. 655, there was no error in submitting to the jury and in their finding, that defendant in error was the head of the family to the extent of entitling her to the exemptions.    In her affidavit presented to the officer having the writ, she averred that she was the head of the family, and resided with her three minor children, of the ages of three, ten, and twelve years, respectively; that prior to that time her husband had abandoned her, and that the support of the family devolved upon her.    In her testimony she testified that at the time of the seizure of the property, her husband was absent, and contributed nothing to her support, although she was at that time expecting remittances from him ; that he went away in August prior to the commencement of the suit against her, in December of 1886, first going to Kansas, and afterward to Wisconsin.    Had he remained at home, the property would have been exempt to the head of the family, without reference to its ownership, whether by the husband or wife.    His departure, whether for permanent or temporary purposes, would not change the rule.    The property consisted of feather beds, pillows, bed-spreads, tablecloths, sheets, towels, bed-clothing, napkins, dishes, etc., such as are usually used, and which were used in the family of the defendant in error, and were essential to the comfort of the family.    To hold that by the departure of the husband the family would be deprived of the right to hold such property, would in effect destroy the beneficent purpose of the exemption laws. (*Frazier v. Syas*, 10 Neb. 115.)    Some objection is made to the instructions given to the jury by the trial court, but as they are consistent with the views here expressed, they need not be noticed.    We see no error in them.

The last contention of plaintiff in error which we will

notice, is that the damages awarded were excessive, and that the evidence does not support the amount for which the jury found a verdict.

There were four witnesses examined as to values. Defendant in error testified to the values of the various articles, making a total valuation of $140.50. Three witnesses were called by plaintiff in error, two of whom testified that the goods were worth $35.00, and one that they were worth $45.35. The verdict of the jury seems not to have followed the testimony of any of the witnesses as to value. It was evidently a compromise verdict, although not so shown by any direct evidence. A considerable portion of the property was shown to be old and badly worn, and it is probable that had it all been new, or substantially so, at the time of its seizure, it would have been worth the amount fixed by the verdict of the jury, or, perhaps, by the testimony of defendant in error. But such was not the case. Under all the evidence as to the quality of the property, and its condition at the time of the levy, we are impressed with the belief that the verdict was for more than it should have been. For that reason, the judgment of the district court will be reversed unless defendant in error remit from the judgment the sum of $30.00 within thirty days from the date of the filing of this opinion. In case of the remittitur being filed, the judgment of the district court will be affirmed.

JUDGMENT ACCORDINGLY.

THE other Judges concur.