State, ex rel. Scoville, v Wilson.

---

STATE, EX REL. FLORA E. SCOVILLE, V. D. K. WILSON.

[FILED MARCH 3, 1891.]

1. **Exemptions:** HEAD OF FAMILY: WIFE OF ABSCONDED HUSBAND IS. Where a husband has absconded from the state and the maintenance and support of the family thereby devolves upon the wife, and it appears that neither she nor her husband is the owner of lands, town lots, or houses, subject to exemption as a homestead, she, as the head of the family, is entitled in lieu thereof to goods of the value of $500.

2. ———: APPRAISEMENT: OFFICER'S DUTY.  After the levy of an
   attachment upon exempt property the defendant filed an inven-
   tory of all her property as well as that of her husband, and
   claimed that the property was exempt under the provisions of
   section 521 of the Code.  *Held,* That it was the duty of the officer
   to call appraisers to appraise the property described in the in-
   ventory.

ORIGINAL application for *mandamus.*

*Clark & Allen,* for relator, cited: *Tucker v. Sanford,* 12
Neb., 425; *Hamilton v. Fleming,* 26 Id., 240; *Frazier
v. Syas,* 10 Id., 115; *People v. McClay,* 2 Id., 7 ; *State
v. Cunningham,* 6 Id., 90 ; *State, ex rel. Kahoon, v. Krum-
pus,* 13 Id., 321; *Mann v. Welton,* 21 Id., 541.

*S. H. Sornborger, Geo. I. Wright,* and *Good & Good,
contra.*

MAXWELL, J.

This is an application for a peremptory writ of *man-
damus* to compel the respondent, the sheriff of Saunders
county, to call to his assistance three disinterested free-
holders and appraise certain property claimed by the re-
lator as exempt under section 521 of the Code of Civil
Procedure.  The relator is the wife of F. A. Scoville, who
has absconded and his whereabouts are unknown.

In November, 1888, attachments were sued out against
the said F. A. Scoville in the district court of Saunders
county, and the personal property of the said defendant
Scoville was levied upon.   The relator then filed in the
said district court an inventory under oath of the whole of
the personal property owned by herself and her said hus-
band and prayed for $500 exemption in personal property
in lieu of a homestead and to release certain property spe-
cifically exempt.  The officer then refused, and still refuses,
to call appraisers and appraise said property and set apart
the $500 exemption.  The relator, therefore, applies to this
court for relief.

In the case of *Frazier v. Syas*, 10 Neb., 115, where the husband had absconded but the wife remained on the homestead and, she being the head of the family, claimed the benefit of the exemption, it was held that she was entitled to the exemption. That decision was approved in *Hamilton v. Fleming*, 26 Neb., 240, where it is said "that to hold that by the departure of the husband the family would be deprived of the right to hold such property would, in effect, destroy the beneficent purpose of the exemption laws." These decisions, in our view, state the law correctly.

Second—In *State v. Krumpus*, 13 Neb., 321, and *State v. Sanford*, 12 Neb., 425, it was held that where property was levied upon under an attachment the party must appear before the court in that action and ask that it be released as being exempt.

These cases were overruled in *Mann v. Welton*, 21 Neb., 541, and in *Hamilton v. Fleming*, 26 Id., 240. The cases last cited, in our view, state the law correctly and will be adhered to. In any view of the case, therefore, the relator was entitled to have the property appraised and to select such articles as she is entitled to under the exemption law. A peremptory writ is therefore

ALLOWED.

THE other judges concur.