STARRETT BROTHERS V. PAUL C. DEERFIELD.

FILED JUNE 5, 1894. No. 5613.

Replevin: EXEMPT PROPERTY. The provisions of the statute exempting personal property from judicial process upon the filing of a prescribed inventory and affidavit are for the benefit of the family of the debtor; and for the possession of such property,

when the necessary requirements to entitle to exemption have been complied with, the head of the family may maintain replevin, irrespective of the ownership thereof being that of the husband or wife.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*J. S. Bishop*, for plaintiff in error, cited : *Mann v. Welton*, 21 Neb., 541; *People v. McClay*, 2 Neb., 8; *State v. Cunningham*, 6 Neb., 92; Maxwell, Pleading & Practice, p. 488 ; *Broadwater v. Jacoby*, 19 Neb., 77; *First Nat. Bank of Omaha v. Bartlett*, 8 Neb., 319; *Omaha Horse R. Co. v. Doolittle*, 7 Neb., 481 ; *Pope v. Hooper*, 6 Neb., 178; *Shortel v. Young*, 23 Neb., 408.

*D. G. Courtnay, contra*, cited: *Hamilton v. Fleming*, 26 Neb., 240.

RYAN, C.

The petition of the defendant in error on which this case, appealed from a justice of the peace, was tried in the district court of Lancaster county, omitting the formal parts, was in the following language: "Comes now the plaintiff and complains of the defendants for that he is the owner of a certain stock of goods of not more than the value of the sum of $100; that on the 21st day of September, 1891, the defendants took possession of said property. Plaintiff says that he is the head of a family, and that he has no town lots, houses, or lands, or other property than that set out in his affidavit of exemption, which was duly filed and served on the officers taking said property; and plaintiff says that he is the owner and entitled to the possession of the property set out in the inventory in the records here filed, and is attached and made a part of the petition; that the defendants wrongfully and unlawfully withhold the same from him, and would so continue to do were it not for

the bond filed in this court. Wherefore plaintiff asks judgment for the return of the goods and the costs of this action." The answer was a general denial. On these issues there was a trial to the court, resulting in a judgment for the defendant in error. There were findings of fact made by the trial court, each of which was sustained by the evidence, and they are, therefore, reproduced as correct statements of the ultimate facts involved in this controversy. Upon the facts found the trial court based conclusions of law which justified the judgment rendered. These findings of fact and conclusions of law were in the following language:

"First—That at the commencement of this action the plaintiff was the head of a family, and had neither lands, town lots, nor houses subject to exemption as a homestead.

"Second—That the property replevied in this action in the lower court has been taken by the officers under attachment proceedings against the plaintiff's wife.

"Third—That thereupon plaintiff duly filed an inventory thereof, and appraisers were appointed, who appraised the property.

"Fourth—That thereupon in said attachment proceedings, the defendants here being plaintiffs there, were by the court below ordered to deliver to plaintiff his property exempt by law so taken by defendants by attachment.

"Fifth—That defendants claimed, and under the claim retained, possession of the property in controversy; that said property did not belong to plaintiff, but to his wife, whereupon plaintiff replevied said property.

"Sixth—That the evidence fairly shows that said property belonged to plaintiff's wife, and on the 5th day of June, 1891, was of the reasonable value of $71.95.

"As conclusions of law the court finds that it makes no difference whether the property in controversy belonged to the wife of plaintiff or to the plaintiff, being exempt under the law; and that plaintiff, being the head of a family

without a homestead, and having taken the steps provided by law to regain possession thereof, was, at the commencement of this action, entitled to said property and damages of one cent. (*Hamilton v. Fleming*, 26 Neb., 245.)"

To avoid the weight by the trial court accorded to the case of *Hamilton v. Fleming*, *supra*, as authority, plaintiff insists that by the evidence it was shown that Mrs. Deerfield was the owner of something like $2,000 worth of property, independently of that in controversy. In the bill of exceptions there is no evidence which countenances this claim, unless, perhaps, the testimony that Mrs. Deerfield had loaned to her husband over $2,000 had that tendency. In the same connection, however, in which this evidence was given it was shown that the husband of Mrs. Deerfield had lost the money loaned him, in what way his wife could not state, for she testified that his explanations as to the loss had been very contradictory and unsatisfactory. As there was no showing of either the defendant in error or his wife having any property in respect of which exemption from judicial process could be asserted except such as was the subject-matter of this suit, the trial court properly adjudged that the defendant in error was entitled to maintain his action. Whether the husband or the wife was the owner of the property claimed as exempt was, under the circumstances, immaterial, for the exemptions provided by statute were for the benefit of the family of the debtor, and the head of such family had the right to avail the family of the provisions of the exemption law, irrespective of the technical ownership of the property claimed. The judgment of the district court is

AFFIRMED.