RODNEY K. JOHNSON V. JOSEPH B. BARTEK, SHERIFF.

FILED MAY 4, 1898.    No. 8053.

54  787
s56  423

1. **Executions: LEVY ON EXEMPT PROPERTY: APPRAISEMENT.** Where the sheriff makes a levy upon personal property, and the debtor files, under oath, the inventory required by section 522 of the Code of Civil Procedure, it is the duty of such officer to call to his assistance three disinterested freeholders of the county where the property is situate, who, after being sworn by said officer, shall determine the cash value of the property.

2. ———: ———: ———. Where the officer calls two appraisers only, the appraisement made by them is of no validity, and affords the officer no protection in releasing and surrendering the property to the judgment debtor.

ERROR from the district court of Saunders county. Tried below before WHEELER, J. Reversed.

Clark & Allen, for plaintiff in error.

Good & Good, contra.

NORVAL, J.

This action was brought against the sheriff of Saunders county to recover damages for the alleged wrongful releasing of certain property seized by his deputy under an order of attachment. A verdict, under the directions of the court below, was returned in favor of the defendant, and the plaintiff seeks a reversal of the judgment entered thereon.

The facts are as follows: On August 10, 1893, plaintiff instituted an action on a promissory note against George B. Scott, before a justice of the peace of Saunders county, and at the same time sued out an order of attachment on the ground that Scott was a non-resident of the state. The attachment writ was levied by the officer upon certain personalty belonging to Scott, and the latter, on August 17, 1893, filed with the justice an inventory of all his personal property. Subsequently he filed a motion

to dissolve the attachment on two grounds: First, the attachment affidavit was untrue; second, that the goods were not liable to attachment, being specifically exempt by statute. This motion was overruled, and the main case was continued until November 4, when plaintiff recovered judgment against Scott, and the attached property was ordered sold. On the same day the attachment debtor filed with the justice, and also with the sheriff, a schedule of all of his personal estate, together with a sworn statement that the same was complete and correct, and that he was then a resident of the state, the head of a family, and did not possess town lots or houses subject to exemption as a homestead under the laws of this state. The sheriff called to his assistance two freeholders of the county, who appraised the property described in the schedule at $74, whereupon the attached goods were released by the officer, and delivered to Scott.

Section 522 of the Code of Civil Procedure provides: "Any person desiring to avail himself of the exemption as provided for in the preceding section, must file an inventory under oath, in the court where the judgment is obtained, or with the officer holding the execution, of the whole of the personal property owned by him or them at any time before the sale of the property; and it shall be the duty of the officer to whom the execution is directed to call to his assistance three disinterested freeholders of the county where the property may be, who, after being duly sworn by said officer, shall appraise said property at its cash value." The defendant did not comply with the foregoing provision in appraising the property mentioned in the inventory, since he only called to his assistance two freeholders of the county, instead of three as required by said section of the Code. If a lawful appraisement could be made with the aid of two freeholders of the county, the sheriff could likewise dispense with the calling of any appraisers and make the appraisement himself. This he cannot do. The provision of the statute is mandatory, and the officer :.

protected, must comply therewith. It is very evident that the action of the sheriff in releasing and returning the attached property to Scott was wrongful and wholly unauthorized. The officer had no right to release the property as exempt without causing an appraisement to be made in the mode provided by law.

The conclusion reached makes unnecessary an examination of the questions discussed by counsel. The trial court erred in directing a verdict in favor of the defendant, and the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.