RODNEY K. JOHNSON v. JOSEPH B. BARTEK, SHERIFF.

FILED OCTOBER 20, 1898.   No. 8053.

1. **Attachment:** RES JUDICATA: PROPERTY. The judgment of a court sustaining an attachment does not settle the status of the attached property,—that is, it does not determine whether or not it was exempt from seizure on attachment.

2. **Exemption.** The exemption provided for by section 521 of the Code of Civil Procedure was intended by the legislature to be an exemption in addition to the property specifically exempted to the debtor by section 530 of said Code.

3. ——: RELEASE OF LEVY: ACTION AGAINST SHERIFF. An officer sued by a creditor for releasing the property of his debtor which

had been seized on attachment may successfully defend himself by showing that the property was as a matter of law specifically exempt from seizure.

4. ———: ———: APPRAISEMENT. No statute exists requiring or authorizing the officer to have such property appraised before releasing it to the debtor.

5. ———: ———: ———. The appraisal which section 522 of the Code requires to be made of property seized on judicial process, and claimed by the debtor to be exempt, has no reference whatever to property specifically exempted by section 530 of the Code.

REHEARING of case reported in 54 Neb. 787. *Judgment below affirmed.*

*Clark & Allen,* for plaintiff in error.

*Good & Good, contra.*

RAGAN, C.

This is a rehearing of *Johnson v. Bartek,* 54 Neb. 787. Johnson sued Scott before a justice of the peace and caused a writ of attachment to be issued and Scott's property seized thereon. The ground of the attachment was that Scott was a non-resident of the state. Scott subsequently appeared before the justice and moved to discharge the attachment. His motion was overruled, the attachment sustained, judgment rendered against him, and the justice issued an order for the sale of the attached property. Scott then filed with the sheriff an inventory, under oath, of all the property which he owned, accompanied by an affidavit alleging that he was a resident of the state, the head of a family, and that he had neither houses, lands, nor town lots exempt as a homestead; and thereupon the sheriff attempted to have the property appraised in accordance with section 522 of the Code of Civil Procedure. The appraisers fixed the value of all Scott's property at less than $100, and thereupon the sheriff turned over the property he had attached to Scott. This suit was brought by Johnson against the sheriff to hold him liable for the amount of the judgment against Scott, because of his release of the

property attached. The court below directed a verdict for the sheriff, and Johnson brought the case here on error. On the former hearing we reversed the judgment of the district court, solely upon the ground that the appraisement which the sheriff attempted to have made of the attached property was void, as it was made by only two appraisers and the statute required three.

1. The argument of the plaintiff in error is that the order or judgment of the justice of the peace overruling the motion to discharge the attachment fixed the status of the attached property—that is, adjudicated that it was not exempt and was liable to be sold for the satisfaction of the judgment rendered in the case in which the property was seized; and, since this judgment stands unreversed and unappealed from, both the debtor and the sheriff are now estopped from asserting that the property was exempt and was not liable to be sold to satisfy that judgment. To support this contention counsel cite us to *State v. Sanford*, 12 Neb. 425, and *State v. Krumpus*, 13 Neb. 321. Those cases sustain the contention of counsel, and the decisions were based upon the doctrine that attached property is in the custody of the law, and the judgment of the court sustaining the attachment includes a judgment that the property is not exempt. But these cases were expressly overruled by this court in *Hamilton v. Fleming*, 26 Neb. 240, and *State v. Carson*, 27 Neb. 501; and the doctrine of the court now is that the judgment of a court sustaining an attachment does not settle the status of the attached property,—that is, does not determine whether or not it was exempt from seizure on attachment. (*State v. Wilson*, 31 Neb. 462; *Smith v. Johnson*, 43 Neb. 755.) The reason for the rule was stated by HARRISON, J., in *Quigley v. McEvony*, 41 Neb. 73, to be that the question as to whether attached property is or is not exempt is not an issue involved in an attachment proceeding; that the issue involved in that proceeding is whether or not the grounds stated in the affidavit for attachment are true. It therefore follows

that an officer sued by a debtor for selling exempt property could not successfully defend solely by showing that he seized the property on attachment, and that the attachment, on motion of the debtor to dissolve, was sustained. He would have to go further and show either that the property was not exempt from seizure or that the debtor had waived his exemption.

2. As already stated, we held on the former hearing that the attempted appraisement made of the property in question by the sheriff was void. We adhere to that conclusion. But the undisputed evidence in the case shows that the property which the sheriff released was property specifically exempt from sale on judicial process by section 530 of the Code of Civil Procedure; and the contention of the defendant in error is that, notwithstanding the attempted appraisement was void, the judgment of the district court was right, since no statute exists authorizing or requiring the sheriff to have specifically exempt property appraised. The territorial legislature of Nebraska in 1859 exempted from sale on judicial process a homestead not exceeding 160 acres of land outside of a municipal corporation, or land consisting of not more than two contiguous lots within an incorporation, and at the same time provided how lands levied upon and claimed as a homestead might be selected and set apart; and in the same year it enacted what is now section 530 of our Code of Civil Procedure, specifically exempting from sale on judicial process certain specifically named property of the debtor. Neither at that time, nor at any time subsequent thereto, has the legislature provided in what manner specifically exempt property seized on execution or attachment should be determined. It enumerated the articles of property which the debtor might hold as exempt, and specifically forbade the seizure of those articles by sheriffs or constables. The law of 1859 in that respect remains unchanged. An officer seizes property which is specifically exempt at his peril, and when sued for refusing to seize

such property on process, it would seem that he might successfully defend himself by showing that it was specifically exempt. In 1860 the territorial legislature, perhaps for the purpose of equalizing somewhat the exemption between those who owned lands and those who did not, enacted what is now section 521 of our Code of Civil Procedure, which provides that "All heads of families who have neither lands, town lots, nor houses subject to exemption as a homestead, under the laws of this state, shall have exempt from forced sale on execution the sum of five hundred dollars in personal property;" and the same legislature enacted what are now sections 522 and 523 of our Code of Civil Procedure, which provide, in substance, that any person desiring to avail himself of the $500 of exemption allowed him in lieu of a homestead might file an inventory under oath in the court where the judgment was obtained against him, or with the officer holding the execution, of all the personal property owned by him, at any time before the property seized on execution had been sold, and the officer thereupon should cause the property to be appraised; and the debtor might select, at the appraisement made thereof, $500 worth of his property and hold it exempt. The exemption provided for by this section 521 was intended by the legislature to be an exemption in addition to the property specifically exempted by section 530 of the Code. (*Williams v. Golden*, 10 Neb. 432.)

We thus see that the legislature has divided property which is exempt from seizure by judicial process into two classes. The property of the first class is enumerated in section 530 of the Code of Civil Procedure. That property is specifically exempted, not only to the resident and citizen who owns a homestead, but to the one who does not. The other exemption is a general one awarded to heads of families in the state who have neither lands, town lots, nor houses subject to exemption as a homestead; and he who claims that exemption is required to file an inventory and have the property appraised as re-

quired by section 522 of the Code. In such an inventory the property specifically exempted from sale on judicial process by section 530 of the Code should not be included, or if included and appraised, the debtor, in making his selection, may first take out that specifically exempt property and then take $500 worth of the other property. It follows, therefore, we think, that when an officer is sued by a creditor for releasing the property of his debtor which had been seized on attachment or execution, he may successfully defend himself if he shows (1) that the property was, as a matter of law, specifically exempt from seizure, or (2) that it was exempt under section 521 at the election of the debtor, and that he had exercised his right to have it declared exempt by complying with the statute in that respect. In the case at bar the property in controversy was specifically exempt under section 530 of the Code, and it was not necessary for the officer to cause it to be appraised in order to shield himself from liability for returning it to the debtor. No statute exists authorizing him to have such property appraised. He, like every one else, must know the law. He must determine for himself, at his peril, whether or not property is specifically exempt. If he makes a mistake and sells specifically exempt property, he cannot escape liability therefor by showing that he had the property appraised in accordance with section 521 of the Code. On the other hand, if the property is specifically exempt and he releases it, he is not liable to the creditor, because he did not have it appraised in accordance with said section. The judgment of the district court is

AFFIRMED.

NORVAL, J., dissenting.

I agree that an order sustaining a writ of attachment is not an adjudication whether or not the property levied upon was exempt from judicial process, and that the exemption in favor of a debtor of personal property to the

value of $500, provided by section 521 of the Code of Civil
Procedure, is in addition to the specific exemptions des-
ignated in section 530 of said Code, but I do not assent
to the proposition that in an action by a creditor against
a sheriff for releasing property seized by him under an
attachment it is a sufficient defense for the officer to
show that the property was specifically exempt to the
debtor. This doctrine implies that an officer may plead
such exempt character of the property, although the
debtor never claimed it was so exempt, and it was not
released on that ground. It is too well settled to re-
quire the citation of authorities in support thereof that
the statutory exemption of chattels from levy and sale on
execution or attachment is a personal privilege which
must be claimed by the debtor, or his agent or repre-
sentative, before the sale or the right will be lost. And
this rule is as applicable to the specific exemptions enu-
merated in section 530, as to the exemption of $500 in lieu
of a homestead authorized by section 521, since said sec-
tion 530, after enumerating the personalty specifically
exempt, declares that "all of which articles hereinbefore
intended to be exempt, shall be chosen by the debtor,
his agent, clerk, or legal representative, as the case may
be."

It is manifest that property levied upon which is specif-
ically exempt must be claimed as such before sale either
by the debtor himself or some one by him duly author-
ized to act in his behalf. There is in this record not a
particle of evidence tending to show, nor is there any
averment in the answer, that the attaching debtor,
Scott, ever demanded of the sheriff that the property
be returned to him on the ground that it was specifically
exempt, or that it was released as being exempt under
section 530. On the contrary, the uncontradicted evi-
dence discloses that the debtor and officer alike acted
upon the theory that the property was exempt under sec-
tion 521. Scott filed with the sheriff such an inventory of
his personal property as required by section 522 of said

Code to entitle a debtor to avail himself of the $500 exemption provided by section 521, and the sheriff attempted to appraise the property under section 522, but called to his assistance as appraisers only two freeholders, instead of three as by said section required. The appraisement was therefore invalid and constituted no justification to the officer to release the property from the levy of the attachment. The trial court directed a verdict for the defendant on the theory that the property was exempt under section 530, while the debtor, so far as this record shows, never claimed the property was specifically exempt, and this court approves and sanctions the judgment rendered on the verdict. I am unable to reach the conclusion that an officer can release from the levy of an attachment personal property as being exempt under section 521 of said Code, and afterwards justify his action by showing that the chattels were specifically exempt, when the debtor had never claimed that they were so exempt. Scott waived his right to assert the specific exempt character of the property, and it is no justification to the sheriff to establish the property was exempt under the provisions of said section 530. Under the decision of the majority, carried to its logical extent, if a sheriff releases his levy upon personal property because the debtor was not the owner thereof, or for any other cause, the officer may defeat a suit brought against him by the creditor for such release, by establishing that the property was exempt, although the debtor had never claimed his exemption. The judgment of the district court is wrong and should be reversed.