JETTON LUMBER COMPANY, A CORPORATION, *et al.*, *Appellants*, v. MINNIE HALL, *Appellee.*

Opinion Filed February 3, 1914.

1. Organic and statutory provisions relating to the homestead and personal property exemptions should be liberally construed in the interest of the family, but the law should not be so applied as to make it an instrument of fraud or imposition upon creditors.

2. Who is the head of a family, within the meaning of Section 1 of Article X of the State Constitution, exempting homesteads and one thousand dollars worth of personal property from forced sale, must be ascertained from the facts of each case. Where the husband has absconded, deserting his wife and leaving her residing in this State with children depending upon her, she may be held to constitute the head of her family, so as to permit her to avail herself of the beneficent provisions of the constitution.

Appealed from Circuit Court for Hillsborough County; F. M. Robles, Judge.

Order affirmed.

*Wall & McKay,* for Appellants;

*V. H. Nysewander,* and *C. W. Stevens,* for Appellee.

SHACKLEFORD, C. J.—On the 25th day of September, 1913, the appellee filed her bill in chancery against the appellants, which, omitting the formal parts, reads as follows:

"Mrs. Minnie Hall, by her next friend, John S. Horter, of the County of Hillsborough and State of Florida,

brings this her bill of complaint against the Jetton Lumber Company, a corporation, with its principal place of business in the City of Tampa, County of Hillsborough and State of Florida, and W. C. Spencer, Sheriff of Hillsborough County, State of Florida.

The complainant would show unto your Honor that on the 23rd day of September, A. D. 1913, one of the above defendants, the Jetton Lumber Company, filed suit against the complainant's husband, Harry Hall. That the said suit was instituted in the County Court, by attachment of two automobiles, described as follows: One Overland Car, City number 1250, and one Buick car. That the said automobiles are still held by W. C. Spencer, one of the above defendants, under the said attachment levies.

The complainant would further show unto your Honor that the said Harry Hall, deserted the complainant on the 24th day of August, A. D. 1913, and that since the said date the complainant has been unaware of the whereabouts of her said husband, though she has since been informed that he is residing within the State of Massachusetts. That the said Harry Hall left against the will of this complainant, and as your complainant believes, without any intention of returning.

The complainant would further represent unto your Honor that she is thirty-five years of age, has two children by her said husband, to-wit: George, age eleven, and Jack, age eight years. That the said children are dependent solely upon this complainant for their support and maintenance, and that this complainant, together with her said children reside in the city of Tampa.

The complainant would further show that the automobiles above described are in danger of being disposed of

at forced sale, in pursuance of the said attachment suit, as aforesaid by said defendants.

That the said automobiles afford the complainant her only means of making a livelihood and a subsistence for herself and her two children (neither the complainant nor her said children having received any support whatsoever from her said husband since his desertion, as aforesaid, nor have they any reason to expect his future aid.)

The complainant further represents that against the said automobiles there are existing respectively, encumbrances in the sums of $75.00 and $375.00, leaving an equity in your complainant of no more than $550.00. That this equity constitutes the whole of both the complainant's and her said husband's property, and is a true and complete inventory of the whole, of their said property.

That this complainant claims the said automobiles as exempt from said seizure and forced sale in pursuance thereof, under the Constitution of the State of Florida.

The premises considered, and in as much as the complainant is without remedy save in a court of equity where such matters are properly cognizable and to the end that the defendants may be required to answer this the complainant's bill of complaint, but not under oath; answer under oath being hereby expressly waived. And that the complainant's right to exempt the said property be decreed, and that the same be set apart to the complainant as exempt from seizure and sale, under said attachment writs; and the defendants be restrained from selling or disposing of said property.

And that the complainant may have such other and further relief in the premises as equity may require and to your Honor shall seem meet.

May it please your Honor to grant unto the complainant the State's most gracious writ of subpœna, issued out of and under the seal of this court, directed to the said Jetton Lumber Company and W. C. Spencer, commanding them to be and appear before this Honorable Court on a day certain therein to be named, and under a penalty certain therein to be stipulated, and to stand to and abide by such orders and decrees, as may be made in this cause.

The complainant prays the court to grant her a writ of Injunction, enjoining and restraining the said Jetton Lumber Company, and W. C. Spencer, the defendants, their attorneys, agents and representatives, from selling or disposing of the said automobiles until the further order of this court.

And the complainant will ever pray, etc."

To this bill the defendants interposed the following demurrer:

"These defendants, by protestation, not confessing or acknowledging either of the matters or things in the bill of complaint contained to be true, say that said bill is bad in substance and insufficient in law, wherefore the said defendants demur to said bill, and for substantial matters of law to be argued in support of said demurrer and assign the following, to-wit:

First. The bill does not state a cause of action cognizable in equity.

Second. The bill shows on its face that it is instituted by a married woman without the joinder of her husband or next friend.

Third. The bill shows on its face that the property attached is not the property of the complainant, but is the property of complainant's husband, who is a non-resident of the State of Florida.

Fourth. The bill shows on its face that the complainant's said husband has permanently left the State of Florida without the intention of returning thereto, therefore he would not be entitled to exempt the said property, for which reason the law granting exemptions to the head of a family residing in the State does not give her the right of such exemption.

Fifth. The bill does not show that the complainant is the widow or heir of the owner of the property in question so as to cause the right of exemption which might have been claimed by the owner thereof, if the head of the family residing in the State of Florida, to inure to her benefit under the provisions of Section 2, Article 10 of the Constitution of Florida." •

The following order was made at the hearing of the demurrer:

"Demurrer sustained as to second ground and complainant asking leave to amend by inserting a next friend in this said bill, and said amendment having been allowed and made instanter, it is ordered then after consideration that the demurrer be overruled and twenty days given defendants to file further pleadings.

"Done, ordered and decreed this the 13th day of October, A. D., 1913."

From this interlocutory order the defendants have entered their appeal. It will be observed that we have copied the bill as amended.

The appellee's claim to have the attached property set aside to her as exempt is based on Section 1 of Article X of our State Constitution, which reads as follows:

"A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of

a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when the relation exists. But no property shall be exmpt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided. for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article."

We have several times had occasion to refer to and construe this section of the constitution. See Milton v. Milton, 63 Fla. 533, 58 South. Rep. 718, wherein we held: "Organic and statutory provisions relating to homestead exemptions should be liberally construed in the interest of the family home. But the law should not be so applied as to make it an instrument of fraud or imposition upon creditors." We fully approve of this holding, which is in line with prior decisions. We have also held that "who is the head of a family, within the meaning of Section 1, Article X, of the Constitution, exempting homesteads from forced sale, must be ascertained from the facts of each case." DeCottes v. Clarkson, 43 Fla. 29 South. Rep. 442. See also Caro v. Caro, 45 Fla. 203, 34 South. Rep. 309. This principle also applies to exempt personalty. Where the husband has absconded, deserting his wife and leaving her residing in this Statte with children depending upon her, as is alleged in the bill in the instant case, we

must hold, as against the demurrer interposed thereto, that such wife constitutes the head of her family, so as to permit her to avail herself of the beneficent exemption provisions of the constitution. This holding finds support in the following authorities: Frazier v. Syas, 10 Neb. 115, 35 Amer. Rep. 466; Hamilton v. Fleming, 26 Neb. 240, 41 N. W. Rep. 1002; State ex rel., Scoville v. Wilson, 31 Neb. 462, 48 N. W. Rep. 147; Nash v. Norment, 5 Mo. App. 545. See also 4 Words and Phrases 3232, and the reasoning in Linander v. Longstaff, 7 S. D. 157, 63 N. W. Rep. 775; Green v. Simon, 17 Ind. App. 360, 46 N. E. Rep. 693; Bonnel v. Dunn, 29 N. J. Law 435. While it is true the bill may be construed as alleging the title to the automobiles to be in the wife, we follow the construction placed upon its allegation by both parties, which puts the interest therein in her solely by reason of the abandonment of home and property by the husband. In the light of the cited authorities, we are of the opinion that the allegations of the bill measure up to the requirements laid down in Smith v. Gufford, 36 Fla. 481, 18 South. Rep. 717, 51 Amer. St. Rep. 37, and that the demurrer thereto was properly overruled. The order appealed from is affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.