### In re HALLBAUER.

(District Court, S. D. Florida. June, 1921.)

1. Exemptions ☞19—Deserted wife cannot claim benefit of exemption to widow.
 The provision of Const. Fla. art. 10, § 2, that the exemption to the head of a family, given by section 1, shall inure to the widow of the party entitled thereto, does not entitle a deserted wife to claim the exemption, since there can be no widow to a live man, though he is an absconder.

2. Exemptions ☞19—Deserted wife, without children, cannot claim exemption allowed "head of a family."
 A wife, who had been deserted by her husband and was dependent on her own earnings for her support, but who had no children dependent on her, is not the "head of a family," entitled to the exemption of $1,000 in the personal property of her husband, given by Const. Fla. art. 10, § 1.
 [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Head of a Family.]

3. Bankruptcy ☞151—Trustee holds position of creditor with lien.
 The trustee in bankruptcy occupies the position of a creditor holding a lien by equitable or legal proceedings on the property coming into his hands.

In Bankruptcy. In the matter of the estate of A. L. Hallbauer, bankrupt. On petition to review an order of the referee allowing a claim by the wife of bankrupt for the exemption of certain personal property. Petition to review and revise granted.

See, also, 275 Fed. 125, 126.

Jackson & Withers, of Tampa, Fla., for petitioner.

Phillips & Phipps, of Tampa, Fla., for respondent.

CALL, District Judge. The parties stipulated among others the following pertinent facts: Hallbauer and his wife constituted a family residing in Hillsborough county on and prior to April 22, 1920; Hallbauer was the head of such family; that on said date Hallbauer left his home promising to return in a few days, since which time the wife had heard nothing from him or of his whereabouts except two telegrams purporting to have been sent from Los Angeles; that the wife is ignorant of any and what property belonged to said Hallbauer, and was left no money by said Hallbauer, except a few dollars, which were expended in the payment of some of Hallbauer's debts, and is now dependent upon her own efforts for a livelihood. Upon these facts the wife's petition is based, to have the exemption in personal property set aside to her.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The trustee filed exceptions and demurrers to this petition, both of which were overruled by the referee, and therefore the trustee set aside said exemption and reported same to the referee, and filed on behalf of the creditors exceptions to such action, and on December 17, 1920, an order was made allowing such claim for exemption so made by the wife and overruling the trustee exceptions. It is this order which is sought to be reviewed in this proceeding.

The question to be decided on this review is whether the wife, without children, of an absconding debtor, can claim the exemption of $1,000 provided for the head of a family residing in this state by section 1 of article 10 of the Constitution of Florida. If answered in the affirmative, the petition to review should be dismissed; if in the negative, it should be granted.

[1] Section 1, art. 10, of the Constitution, provides for the exemption from forced levy and sale to the head of a family residing in this state of personal property to the value of $1,000. Section 2 of the same article provides that this exemption shall inure to the widow and heirs of the party entitled to such exemption. If it is upon this last section that the petitioner bases her claim, the answer is that there is no widow to a live man, although he is an absconder.

[2] Nor do I think the case made by the petitioner is helped by the case of Jetton Lumber Co. v. Hall, 67 Fla. 61, 64 South. 440, 51 L. R. A. (N. S.) 1121, in which case a deserted wife with children was allowed to claim the exemption in two automobiles which belonged to her or her husband, probably her husband, which constituted the combined property of both. Here, as I understand the case and decision of the court, the deserted wife stood in the place and stead of the husband, having two children dependent upon her for support, and was viewed as the head of the family.

In the instant case the wife constituted the entire family dependent upon the absconding husband. She can in no sense occupy the position of head of a family residing in this state, and it is to such head the Constitution grants this exemption. I recognize the rule that exemption laws should be liberally construed for the benefit of the family, but it seems to me that it would verge upon judicial legislation for the courts to construe these constitutional provisions to mean that, in a contest between creditors and the wife of an absconding debtor, the wife could come in and take from such creditors $1,000 of the personal property in the hands of the trustee for administration, to be applied to her personal use, and this with no showing of how much property was taken by the absconding husband, or what he might possess in addition.

[3] The Legislature, under the mandate contained in section 6, article 10, have passed laws providing for the setting apart of exemptions. None of the requirements, upon which such setting apart of such exemption is made, have been complied with in this case, and it must be remembered that the trustee occupies the position of a creditor holding a lien by equitable or legal proceedings upon the property coming to his hands.

None of the cases to which I have been referred sustain the contention of petitioner. I am therefore of opinion that the referee erred in overruling the exceptions of the trustee and granting the petition of petitioner.

The petition to review and revise will be granted.