FRANCES W. DAVIS, a Widow, *Appellant*, v. MIAMI BEACH BANK & TRUST COMPANY, *Appellee.*

Division B.

Opinion filed June 6, 1930.

Petition for rehearing denied June 25, 1930.

*Walsh, Beckham, Farley & Ellis,* for Appellant;

*Burdine, Terry & Fleming* and *Alfred E. Sapp,* for Appellee.

BUFORD, J.—The appellant was a widow, owning certain property in Dade County, Florida. A judgment against her was procured by the appellee.

Appellee caused its execution to be issued against certain property amongst which was a city lot of less than one-half acre which appellant claims was her homestead.

Appellant filed notice with the sheriff claiming the property involved here as her homestead and the same was set aside to her as such.

The appellee filed a bill of complaint against the widow praying that the court determine that the property involved herein is not exempt from the levy and forced sale under execution as defendant's homestead under the provisions of the Constitution and laws of the State of Florida and, upon such determination, that the court enter a decree subjecting the same, or so much thereof as may be necessary to the satisfaction of complainant's judgment and enjoining the sheriff and other officers from setting apart as exempt the said property and annulling all exemptions made and set apart by the said sheriff and other officers.

The defendant appeared and answered. In her answer she alleged that she was the owner of the property and occupied the same as her home; that she was the head of a family; that the family consists of herself and a son.

It is unnecessary to discuss other matters set up in the

answer, as this case may be determined upon consideration of the one question as to whether or not the defendant in the suit below, appellant here, is the head of a family residing upon the property involved herein as her homestead and whether or not, as she is such head of such family, such property is exempt from forced sale under execution.

In due course a master was appointed and testimony was taken. The master's findings were in favor of the defendant. Exceptions were filed to the answer and were sustained and the decree of the chancellor was in favor of the complainant and the relief prayed for was granted. From this decree appeal was taken.

The evidence discloses about this state of facts:

That the appellant moved into the house on the property involved herein in 1925 and that she has since generally occupied that place as her home. She has at times rented the house, but the evidence does not show that she has at any time abandoned it as her permanent home. Her son, James, a man more than forty years of age, who is afflicted as a result of an attack of influenza experienced in 1918, and what is known as "sleeping sickness" following that attack, has lived with his mother continuously since becoming afflicted and has depended upon her and his brothers for support and maintenance. While it appears that the brothers have furnished the money necessary for the maintenance of the mother and James, the mother has provided the home and personal care and attention for his comfort and existence. Since 1925 they have lived together usually and have at all times claimed as their home the house on the lands involved in this suit, together, of course, with the lands upon which the house is located, except for a short time during the latter part of 1928 and early part of 1929, when James apparently made an effort to go out and

work for himself. It is also shown that during short intervals the mother had been away from home on visits and during other intervals the house has been rented while the appellant rented some other house in which she and James lived during such intervals.

The appellant appears to be about seventy-one years of age and she is recognized by herself and all other members of her family as the head of the family, that is as the head of the family residing upon the lot here involved. James, it appears, is incapacitated to earn his own living or to care for himself and depends upon the bounty of his mother and brothers for maintenance and support. It further appears that practically all of that which the brothers contribute to the support of James is contributed through the mother.

In this case we have a family composed of a mother and an adult afflicted son. It may be said that the mother is under no legal obligation to care for him, to support and maintain him, but she has assumed that obligation because of natural love and affection. They live in the same house, eat from the same table, share one another's fortune, be it good or bad, and there appears to be no dispute between them as to who is the head of the family. They are agreed that it is the mother. We think that the fact that the money which is necessary for their maintenance comes to the mother through the liberal hand of a devoted son who is able to furnish the same does not change the aspect of the case from what it would be if the mother earned the money for their maintenance by her own toil.

In Johns v. Bowden, 68 Fla. 32, 66 So. R. 155, this Court say:

"To constitute a 'head of a family' there must be at least two persons who live together in the relation of one family and one of them must be 'the head' of that 'family.' When the natural relation of husband and

wife or parent and child, or that of being *in loco paren-tis* does not exist, the relation should be one in which an established and continuing personal authority, responsibility and obligation actually rests upon one as 'the head of a family' for the welfare of the others, who in law should or in fact so recognize and observe a family relation to the one as 'the head of a family.' "

This doctrine was affirmed in Pasco v. Harley et al., 73 Fla. 819, 75 So. R. 30, and was in line with prior utterances of this Court in Miller v. Finegan, 26 Fla. 29, 7 So. R. 140; DeCottes v. Clarkson, 43 Fla. 1, 29 So. R. 442; Cairo v. Cairo, 45 Fla. 203, 34 So. R. 309, and Jetton Lumber Company v. Hall, 67 Fla. 61, 64 So. R. 440.

We think that the record here shows that this appellant is entitled to the benefits of the homestead exemption as to the property involved in this suit under the provisions of the Constitution and laws of this State, as heretofore construed by this Court in opinion in the cases above cited.

The decree should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.