**H. A. KNOWLTON and his wife, WILLIE O. KNOWLTON, v. LORAINE M. DEAN, individually and in her capacity as attorney-in-fact, for RAYMOND J. DEAN, her husband.**

31 So. (2nd) 58
June 17, 1947

June Term, 1947
Special Division A

*Thomas Alexander, Macfarlane, Ferguson, Allison & Kelley,* for appellants.

*Tom J. Landrum,* for appellees.

WILLIAMS, Associate Justice:

January 9, 1947, Raymond J. Dean executed power of attorney to his wife, Loraine M. Dean, allowing her to dispose of his interest in their home, in Tampa, in which they owned by the entirety. Immediately afterward Raymond J. Dean disappeared and has not been back. About March 1, 1947,

Loraine M. Dean rented said property and she and her daughter removed therefrom and have been away since. With the rent and from her earnings she meets indebtedness against said property of $135.00 a month. For herself and Raymond J. Dean, under power of attorney dated April 27, 1947, she agreed for herself and for her husband to sell said home to H. A. Knowlton and Willie O. Knowlton, his wife. The Knowltons refused to perform said agreement because they felt the homestead had not been abandoned. After taking testimony and proofs on the bill and answer, the Chancellor held the homestead had been abandoned and ordered specific performance of the agreement of sale. We feel the final decree is free of harmful error. See Jordan v. Jordan, 100 Fla. 1586, 132 So. 466; Jetton Lumber Co. v. Hall, 67 Fla. 61, 64 So. 440; Barlow v. Barlow, 156 Fla. 458, 23 So. (2) 723.

The time required for study and determination of this controversy has been reduced to a minimum because the salient facts were condensed in a certificate of the trial judge requiring but two pages of the transcript. This method is highly commended as one conducive to a consideration of points involved at a minimum of expenditure of time on the part of the court and of money on the part of the litigant who must eventually pay the cost of preparing the transcript.

The final decree appealed from is affirmed.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.