**In the Matter of Leslie L. FINK, Debtor.**

**Bankruptcy No. 81–1707.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Feb. 17, 1982.

Philip Burnett, Fort Myers, Fla., for debtor.

Diane Jensen, Fort Myers, Fla., for trustee.

### ORDER ON TRUSTEE'S OBJECTION TO EXEMPT PROPERTY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is the right of Leslie L. Fink, the Debtor involved in a Chapter 7 case to claim benefits of the exemption laws of the State of Florida, Fla.Const., Art. X, § 4.

The Debtor's right to exemption is challenged by the Trustee who contends that inasmuch as the Debtor is not head of the family, he is not entitled to any exemptions. The matter was submitted by the parties on stipulated facts which are as follows:

Leslie L. Fink, the Debtor who filed this petition for relief under Chapter 7, is a widower and was at the time he filed his petition for relief, had no and still has no dependents. The property which he claims to be his homestead is owned by him and he resides thereon. These are the undisputed facts germane to this controversy raised by the Trustee who contends that since the Debtor is a single person and has no de-

pendents, he is not head of a household and, therefore, he is not entitled to benefits of the exemptions available to persons who are heads of households under the applicable laws of this State.

It should be stated at the outset that exemption laws have been traditionally construed liberally in favor of the one claiming it in order to effectuate the underlining policy of all exemption laws which is to shelter and protect the family. *Vandiver v. Vincent*, 139 So.2d 704 (Fla.2d DCA 1962). It is generally true that to qualify to be "head of a family" there must be at least two persons who live together in relation of one family and one of them must be the head of the family. *In re Kionka's Estate*, 113 So.2d 603 (Fla.2d DCA 1959). This was, in any event, the clear case until the Florida legislature enacted Florida Stat. § 222.19(2) which now provides as follows:

> § 222.19 Surviving spouse as head of family; defined
>
> "The head-of-family status required to qualify the owner's property to be exempt for homestead exemption, permitting such property to be exempt from forced sale under the process of any court as set forth in § 4, Art. X of the State Constitution, shall inure to the benefit of the surviving tenant by the entirety or spouse of the owner. *The acquisition of this shall inure to the surviving spouse irrespective of the fact that there are not two persons living together as one family under the direction of one of them who is recognized as the head of the family.*" (emphasis supplied)

It is urged by the Debtor that by virtue of a clear language of this Statute, the head of family status is preserved for the benefit of a surviving spouse and inures to the benefit of the surviving spouse regardless whether the surviving spouse is a widow or widower. It is the Trustee's contention that the Legislature merely intended to preserve the status of the deceased head of the family, i.e. the deceased spouse, for the benefit of the surviving widow who otherwise would not qualify to be the head of the household and it was not intended to apply to a widower, because the deceased spouse had no "head of family" status which could be preserved for the benefit of the surviving spouse.

Applying a liberal and beneficent construction traditionally accorded of exemption laws in favor of the claimant, *Marsh v. Hartley*, 109 So.2d 34 (Fla.2d DCA 1959), this Court is satisfied that the Statute under consideration was a deliberate expression of the legislative intent to eliminate gender based treatment of the operation of the exemption laws and it was intended to permit the preservation of the head of household status to the surviving spouse regardless of whether or not the deceased person was or was not the head of the household during the marriage. Had the Legislature intended to preserve the status only for the benefit of the widow, a proposition always recognized and accepted even before the enactment of the Statute, *Davis v. Miami Beach Bank & Trust Co.*, 99 Fla. 1282, 128 So. 817 (1930); *Hillsborough Invest. Co. v. Wilcox*, 152 Fla. 889, 13 So.2d 448 (1943); *De Cottes v. Clarkson*, 43 Fla. 1, 29 So. 442 (1901); *Caro v. Caro*, 45 Fla. 203, 34 So. 309 (1903); there would not have been any need for the enactment of the Statute.

Concededly, the result reached here may, at times, produce seemingly unjust results, especially in instances where the surviving spouse, i.e. widower, is a young and able bodied man who could readily procure a new shelter for himself if he has no dependents, and the former homestead could be utilized to satisfy just demand of his creditors. This should not detract from the fact that the Statute under consideration did not create a distinction and was designed to apply to both spouses.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim of Exemptions be, and the same hereby is, overruled and the exemption claim of Leslie L. Fink, the Debtor, concerning his home as homestead be, and the same hereby is, allowed and the same is set aside as exempt.